IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1851, IN THE THIRTY-
SIXTH YEAR OF THE STATE.

---

## DAVIDSON and Another, Executors, *v.* ALVORD and Another.

A writ of *scire facias* to revive a judgment stated the time of the rendition of the judgment, that execution remained to be done, and commanded the sheriff to summon the defendant to answer why the plaintiffs should not have execution. *Held*, that the writ averred, substantially, that the judgment remained unsatisfied.

Where the Circuit Court before which, and the time at which, a party is summoned to appear, are specified in the writ, he cannot object that the place where the Court was to be held was not sufficiently indicated.

The suggestion of the death of one of two defendants to a *scire facias* to revive a judgment, is equivalent to a dismissal as to such defendant.

A writ of *scire facias* to revive a judgment may be amended, under the R. S. 1843, at any time before judgment, by striking out the name of one of several defendants.

The R. S. 1843 authorize the issuing of a *scire facias* to revive a judgment against the personal representatives of a deceased defendant.

APPEAL from the *Marion* Circuit Court. *Monday, November 24.*

SMITH, J.—This was a *scire facias* to revive a judgment of the *Marion* Circuit Court against *Allen McLain* and *Noah Noble*. The writ states that the judgment was ren-

VOL. III.—1

dered in *June*, 1842; that execution remains to be done; that *Noble* has since died; that *Alexander H. Davidson* and *George H. Dunn* are his executors; and commands the sheriff to summon *McLain* to answer why the plaintiffs should not have execution against him; and also, to summon *Davidson* and *Dunn* to answer why execution should not issue against them, as executors, to be levied of the goods and chattels of the testator.

At the *April* term, 1849, the parties appeared, and the defendants filed a special demurrer to the writ of *scire facias*.

The first cause of demurrer was, that the writ does not state *where* the Court was to be holden at which the defendants were notified to appear. The defendants were summoned to appear "before the judges of said Court on the first day of the next term thereof, to be holden on the fifth *Monday* of *April*, instant," &c.

The second cause of demurrer was, that the writ does not aver that the judgment remained unsatisfied.

There is nothing in these objections. The writ does aver, substantially, that the judgment remains unsatisfied.

At the *October* term, 1849, the death of the defendant, *McLain*, was suggested, and, afterwards, the demurrer, filed at the previous term, was overruled.

The defendants failing to answer further, the plaintiffs then obtained a judgment against the executors of *Noble*, to be levied *de bonis testatoris*.

The defendants below, now the appellants, insist that it is a fatal objection to the *scire facias*, that the survivor, *McLain*, and the representatives of the deceased joint debtor, *Noble*, are joined.

But if this objection was tenable at the commencement of the suit, it ceased to have any force when *McLain's* death was suggested, as this was equivalent to a dismissal of the suit as to him, and at any stage of the case prior to the judgment the plaintiffs might have amended the writ by striking out his name. R. S. c. 40, s. 98.

The Revised Statutes of 1843 authorize the issuing of a

*scire facias* to revive a judgment against the personal representatives of a deceased defendant. Chapter 48, s. 89.(1.)

*Per Curiam.*—The judgment is affirmed with costs.

*J. L. Ketcham* and *N. B. Taylor*, for the appellants.

*H. C. Newcomb*, for the appellees.

(1) The proceeding by *scire facias* to revive against judgment-defendants has been abolished by the R. S. 1852; but an execution cannot be issued after the lapse of five years from the entry of judgment, except by leave of the Court, upon motion, supported by the oath of the party, or other satisfactory proof, that the judgment, or a part thereof, remains unsatisfied and due. Ten days' personal notice must also be given to the adverse party, unless he be absent, or non-resident, or cannot be found, when notice may be given by publication as in an original action, or in such other manner as the Court shall direct. R. S. 1852, vol. 2, p. 129.

After the decease of a judgment-debtor, a proceeding in the nature of a *scire facias* against his heirs, devisees, or legatees, or the tenant of real property owned by him and affected by the judgment, and his personal representatives, is requisite, under the R. S. 1852, in order to authorize the issuing of an execution to enforce the judgment against the estate of such debtor in their hands respectively, and the mode of proceeding is specifically pointed out by the statute. R. S. 1852, vol. 2, p. 181.

The death of the defendant, after the execution is placed in the hands of the sheriff, does not affect subsequent proceedings thereon, except that the portion allowed absolutely to the widow by law, is exempt from levy and sale. R. S. 1852, vol. 2, p. 147.