# ATTORNEY-GENERAL ex rel. ALFRED S. SPOONER,

## *vs.*

# EDWARD ELDERKIN.

A person elected to a county office, who receives no official notice of his election before the commencement of the term, may qualify at any time within twenty days after such commencement of the term.

It is the duty of the clerk of the board of supervisors immediately after the canvass of the votes given at an election for county officers, to make a certificate of election for each person elected to any such office, upon his application therefor.

If no notice be given to a person elected to a county office, and no certificate of election given or applied for before the commencement of the term of office, the election is not impaired, but he may qualify within twenty days after the commencement of the term.

THIS was an information in the nature of a *quo warranto*, charging that the said Elderkin, without any legal warrant, grant or right whatsoever, for the space of two days and more, had held, used, exercised and enjoyed the office of district attorney, and still held, used, exercised and enjoyed the same : and charging usurpation, intrusion, &c. : that a general election was held in the several towns of said county of Walworth, for the election, among other officers, of district attorney of said county, on the Tuesday next succeeding the first Monday of November, A. D. 1853, pursuant to law, for the term of two years from the first Monday of January, A. D. 1854, and at such election the relator received a plurality of all the votes cast at such election, and was legally chosen and elected for and to said office for the time aforesaid, &c.

Upon the filing of the information the usual summons, appearance, rule to plead, &c., &c., were duly entered.

To this information the respondent pleaded, protesting, &c., &c.

That at the general annual election, held on the Tuesday next succeeding the first Monday of November, A. D. 1852, in the said county of Walworth, Stephen S. Barlow was duly elected and

chosen by the qualified electors of said county of Walworth, to said office of district attorney, in place of Urban D. Meacham, then district attorney of said county, and whose term of office would expire on the first day of January, 1853, the said Stephen S. Barlow receiving a majority of the votes cast at said election in said county for the said office of district attorney, and being subsequently, after the canvassing of the votes cast at said election for said office, by the board of canvassers of said county, determined and declared elected at said election to the said office, for the term of two years from the 1st day of January, 1853 : that the said Barlow duly qualified and entered upon the duties of his office, by taking and filing the required oath, and executing and filing the required bond. By means whereof the said Barlow was entitled to the franchises, &c., of said office and used and exercised the same : that the said Barlow on the 11th day of April, 1853, entered upon the duties of his said office, and continued to hold and exercise the duties of said office until after the general election of 1853, and was then at the time of said election lawfully entitled to hold said office until the first day of January, A. D. 1855.

The plea denies that the relator was, at the general election in 1853, or at any other time, duly chosen and elected to the said office for the term of two years from the first of January, 1854, or for any other term ; that at the general election in 1853, there was no vacancy in said county of Walworth in the office of district attorney.

The plea further alleges that at the general election in November, 1854, Harley F. Smith, Esq., was duly elected and chosen for and to the office of district attorney of said county, and was by the county board of canvassers duly declared elected to said office for the term of two years from the first day of January, 1855 ; that afterwards on the 26th day of January, 1855, the said Smith having declined to accept said office, and having suffered the time allowed by law for taking the oath required by law, and for depositing his official bond, to elapse, without qualifying for said office as required by law, and having refused to accept the same or perform the duties thereof, the said Edward Elderkin, the respondent, was duly appointed and commissioned

by his Excellency William A. Barstow, governor of the state of Wisconsin, to the said office of district attorney of said county, in place of Harley F. Smith, Esq., the said Stephen S. Barlow having previously, to wit: on the 1st day of May, 1854, removed from said county, and there being at the time of said appointment, no officer duly authorized to execute the duties of said office for said county: that on the 29th day of January, 1855, the said Elderkin, respondent, took the oath, and executed and deposited his official bond as required by law; by which warrant he entered upon the duties of said office on said 29th day of January, 1855, and still continues, &c., as well he might and still may, &c.

To this plea the relator filed a replication, traversing the allegation of the plea, that the said Stephen S. Barlow took and subscribed the official oath and executed and deposited his official bond as, and within the time required by law, after his said election at the annual election in 1852; and that by means whereof he became entitled to said office; " and for further replication, that the said Alfred S. Spooner is and was, and has been entitled to the said office of district attorney; that at the time of the said general election in the year 1853, there was a vacancy in the said office of district attorney in and for said county of Walworth; and for further replication denies that the said Stephen S. Barlow was lawfully entitled to hold the said office at the general election in November, 1853, until the first day of January, 1855," and re-affirming the fact of the election of the relator at the general election in 1853, for the term of two years from the first day of January, 1854, &c., concluding to the country.

Issues of fact having been joined by the pleadings, the same were sent by order of the court to the Circuit Court of Walworth county for trial. The cause was afterwards returned to this court by stipulation of the parties, and submitted upon an agreed state of facts which is set out at length in the opinion of the court.

*George B. Smith*, attorney-general, and *A. S. Spooner*, *p. p.* for the relator.

*H. F. Smith*, for the respondent.

*By the Court*, COLE, J. This is an information in the nature of a *quo waranto ;* and the facts of the case are contained in the following stipulation :

" *State of Wisconsin, Supreme Court, Attorney-General ex rel. Alfred S. Spooner vs. Edward Elderkin.*"

" An issue of fact having been made in this cause, and sent, by order of this, court to the Walworth county Circuit Court, for trial, it is hereby stipulated and agreed by and between the relator and the respondent, that the same be returned to the Supreme. Court, and that the following are the facts in said cause, to wit :

" 1. It is hereby agreed and stipulated that the term of office of U. D. Meacham, Esq., as district attorney for the county of Walworth, state of Wisconsin, terminated and ended on the 31st day of December, A. D. 1852.

" 2. It is further agreed and stipulated that at the general election in November, A. D. 1852, upon previous due, proper and legal notice, Stephen S. Barlow, Esq., of said county, was duly and legally elected to the office of district attorney for said county, as the successor of said U. D. Meacham, for two years from the first day of January, A. D. 1853, and that he was declared so elected, by the board of county canvassers, on the Tuesday next succeeding the said election, and for the term above named, at the court-house in Elkhorn, in said county of Walworth.

" 3. It is further stipulated and agreed, that the said Stephen S. Barlow, Esq., never received from the clerk of the board of supervisors of said county, any official notice of his said election to said office, nor had said Barlow any official notice from any source or person whatever of such election.

" 4. It is further agreed and stipulated, that on or about the 5th day of April, 1853, his Excellency, Leonard J. Farwell then governor of the state of Wisconsin, appointed the said Stephen S. Barlow, Esq., to the office of district attorney, for said county

of Walworth, and that on the 11th day of April, A. D. 1853, said Barlow took the oath of office as such district attorney in due form of law, and filed his bond, &c., and entered upon the duties of the office of said district attorney.

" 5. It is further agreed and stipulated, that said Stephen S. Barlow, Esq., discharged the duties of said office of district attorney, in and for said county of Walworth, at the spring term, and also at the October term, of said Circuit Court for Walworth county, in the year A. D. 1853 : that he never resigned said office of district attorney, and that the said Barlow continued a resident of Walworth county, until the month of May, A. D. 1854, at which time the said Barlow did remove out of said county, and that the said Barlow acted as such district attorney at the time of, and after the general election, in the said county, in the year A. D. 1853.

" 6. It is agreed and stipulated further, that at the general election in November, A. D. 1853, notice thereof having been given by the sheriff of Walworth county, the relator in this cause was elected to the said office of district attorney, for said county of Walworth, by a majority of votes cast at said election, for that office in said county, and that he was declared elected to said office by the board of canvassers of said county of Walworth (to fill a vacancy), (the said Stephen S. Barlow still residing in, and acting as district attorney for said county), on the 15th day of November, A. D. 1853 ; and that he took the oath of office in due form of law, before an officer duly authorized to administer such oath ; and that he filed said oath and his bond as required by law, and entered upon the duties of the office of district attorney, for said county, on the 3d day of December, A. D. 1853 ; and that he did not resign said office, neither was he removed therefrom, other than by the election of Harley F. Smith to the said office as hereinafter mentioned.

" 7. It is further agreed and stipulated that at the general election, held in November, in the year 1854, upon due notice given, Harley F. Smith, Esq., of said county, was duly elected to the office of district attorney for said county, for two years, from the first day of January, A. D. 1855, by a majority of all

the votes cast in said county for said office, and that the said Harley F. Smith declined to accept the said office, declined to file his official bond, and to take the oath of office; and that said Smith absolutely refused to qualify and act as such district attorney for said county of Walworth.

" 8. It is further agreed and stipulated that on or about the 26th day of January, A. D. 1855, his Excellency William A. Barstow, then governor of the state of Wisconsin, duly appointed and commissioned Edward Elderkin, the respondent in this cause, district attorney of said county of Walworth, in the place of Harley F. Smith, who had previously refused to act as such district attorney, and who had made the fact of his refusal to take said office of district attorney known to the governor, before the appointment of the said Elderkin; the said Stephen S. Barlow having also removed from said county of Walworth, before the election of the said Smith, and the appointment of the said Elderkin; and it is further agreed that the said Elderkin exercised and discharged the duties of the said office at the May and October terms of said Walworth county Circuit Court for the year A. D. 1855, under and by virtue of the appointment as aforesaid.

" Signed and dated 22d day of May, A. D. 1856.

    (Signed)             " ALFRED S. SPOONER, *Relator,*

                       " EDWARD ELDERKIN, *Respondent.*"

It is apparent that the right of the relator to the office depends entirely upon the determination of the question, as to whether his predecessor, Barlow, qualified and entered upon the duties of the office under the election of November, 1852, or by virtue of his appointment by Governor Farwell. For if Barlow had not forfeited his right to the office, and if he could still qualify in April, under the election, and did so qualify; then obviously the appointment of Governor Farwell was supererogatory, and no vacancy existing at the general election, November, 1853, the relator's election at that time was null and void. But if, on the contrary, Barlow's neglecting or refusing to take his official oath, and give his official bond before he did,

worked a forfeiture of the office and the election, then a vacancy existed in April, when he was appointed, and he could only continue to exercise and perform the duties of the office under the appointment, until his successor should be chosen and qualified (*sec.* 14, *ch.* 11, *Rev. Stat.*); and such successor would hold the office the constitutional term of two years. *Const. Wis. Art.* 6, § 4; *Attorney-General vs. Brunst,* 3 *Wis. Rep.* 787.

Had, then, Barlow a right to qualify and enter upon the office (by virtue of the election), in April, or had he forfeited his right to the same? To answer this inquiry it will be necessary to examine such provisions of the statute as have a bearing upon the subject.

Section 138 of chapter 10 Revised Statutes reads as follows:

"Every county officer named in this chapter (district attorneys are named in it) shall, before entering upon the duties of his office, and within twenty days after receiving official notice of his election or appointment, or within twenty days after the commencement of the term for which he was elected or appointed, execute and deposit his official bond as prescribed by law; and every such officer shall also within the same time take and subscribe the oath of office prescribed by the constitution of this state, &c." From the stipulation, it appears that Barlow received no official notice of his election, and hence the counsel for the respondent contends that under the first clause of the above provision, Barlow was entitled to qualify under the election when he did; or in other words, to state the proposition broadly, that the proper construction to be given this statute is, that any county officer who receives no official notice of his election, can qualify according to its requisitions at any time during the term for which he was elected, or within twenty days from the commencement of such term of office.

We are unable to concur in this construction of the statute, being clearly of the opinion that the "official notice" spoken of, refers to a notice that may or should be given intermediate between the county canvass and the commencement of the term of office. And when no such official notice is received after such canvass, and before the commencement of the term of office, the

person can qualify within twenty days after the commencement of the term for which he was elected.

Section 54 of chapter 6 of the Revised Statutes makes it the duty of the clerk of the county board of supervisors, immediately after the canvass, to make a certificate of the election for each person elected to any county office, and deliver the same to such person upon his making application therefor. But the clerk may neglect or refuse to make the certificate, or may withhold it from improper motives; or the person elected may not be able to apply for it and qualify before the term of office commences. Still his title to the office is unimpaired; and the statute enables him to qualify within twenty days after the commencement of the term.

It vitally concerns the people in this popular government, that the public offices be filled by the duly appointed or elected agents, who act under the responsibility of their oaths of office, and who, in many cases like the present, give bonds for the due and faithful discharge of its duties. Still a person cannot be forced to accept an office of this kind. He may neglect or refuse to accept it, and forfeit all its rights and privileges; and the statute contemplates that such cases will arise; and ample provision is made for filling the vacancies in the county offices thus existing. *Rev. Stat. chap.* 11, § 13. It also declares that a vacancy shall exist where the person elected refuses or neglects to take his oath of office, or to give or renew his official bond, or to deposit such oath or bond within the time prescribed by law (*Rev. Stat. ch.* 11, § 2, *sub.* 6), clearly fortifying the construction which we have given to section 138, before quoted.

It follows, from the view which we have taken of this case, that the relator was entitled to the office at the time respondent was appointed by Gov. Barstow, and that such appointment was null and void.

Judgment accordingly.