## KISLER *v.* CAMERON ET AL.

MANDAMUS.—*Election.*—*Inspectors of Election.*—The inspectors of a city election, in the canvass of votes to ascertain the persons chosen at a city election, are officers, and together constitute a board; their duties as such are ministerial, and not judicial, and a mandamus will lie to compel them to give a certificate of election to the person who, upon the face of the proper election documents, appears to have received the highest number of votes given.

APPEAL from the Carroll Circuit Court.

BUSKIRK, C. J.—The record in this cause presents for our decision but a single question, and that arises upon the action of the court below in sustaining a demurrer to the complaint.

The material averments in the complaint are these: That the city of Delphi was duly and legally incorporated as a city under and by virtue of the act for the incorporation of cities; that there were wards in said city; that an election was had in said city on the second day of May, 1871, for the election of a mayor and other officers; that the mayor and common council of said city, in due form of law, appointed the appellees inspectors of said election, in their respective wards, and certain other persons named judges and clerks of such election, all of whom qualified and entered upon the discharge of their duties; that Robert M. Allen, the Rev. —— Campbell, and the appellant were the only candidates for the said office of mayor of said city at said election; that it appears from the poll books, tally papers, and certificates of the inspectors, judges, and clerks of the several wards of said city, that the appellant received a majority of all the legal votes that were cast at said election, and that he was duly and legally elected to the office of mayor of said city; that the poll books, tally papers, and statements made out by the officers of the said election in the several wards were delivered to the inspectors of said election, duly certified copies whereof were filed with and made a part of the complaint; that it was the further duty of said inspectors on the day following said election to meet as a

board of canvassers at the council room of said city, and upon inspection of the statements aforesaid, determine the persons having the highest number of votes for each of the several offices voted for, and thereupon to make and sign a certificate, setting forth the names of the persons voted for, what offices, the whole number of votes given for each of the several offices, and the person having the highest number therefor, and to declare the person elected to the same; such certificate to be filed with the clerk of the corporation; also averring that at said election the appellant received a majority of all the votes cast in said city for said office of mayor, and that the said inspectors, when so met as a board of canvassers, failed and refused to make and sign a certificate as by law required, and file the same with the clerk of said city.

The prayer of the complaint was that the court would issue a writ of mandate, compelling said defendants to comply with their duties in the premises, and issue a certificate of election to the appellant.

The appellees appeared to the action and filed a demurrer to the complaint. The demurrer was sustained, and proper exceptions were taken. The appellant refused to plead further, and final judgment was rendered for the appellees. The appellant has assigned for error the sustaining of the demurrer to the complaint.

Section 4 of the act for the incorporation of cities provides for the appointment of inspectors, judges, and clerks of the first election in a city. It is provided by section 10 of said act, that all elections of such cities shall be governed by the laws in force regulating township and other elections, and the voters therein shall have the like qualifications and be subject to the same restrictions and liabilities.

It is provided by section 15 of said act, that "the common council shall, for every subsequent election, appoint by resolution an inspector and two judges therefor, in each of the several wards of the city; but the persons thus appointed

shall be residents and voters of such ward, and when con-
vened as a board of election, shall choose the clerk thereof."

It is provided by section 11 of said act, that when the
polls of any election are closed, the inspector and judges
thereof in each of said wards shall immediately proceed to
canvass the votes therein given, and shall make out, under
their hands, a statement specifying the number of votes each
person voted for has received and the office designated there-
by, which statement, together with the poll list and tally
papers, shall be deposited with the inspector.

By section 12 of said act it is made the duty of the several
inspectors of such election, on the day next following the
same, to meet at the common council room, and upon the
inspection of the statements aforesaid, determine the persons
having the highest number of votes for each of the several
offices voted for, and thereupon to make and sign a cer-
tificate setting forth the names of the persons voted for, and ·
for what offices, the whole number of votes given for each
of the several offices, and the person having the highest
number therefor, and to declare the person elected to the
same.    3 Ind. Stat. 64.

The purpose of this proceeding is to compel the inspect-
ors of said election to perform the duty imposed upon them
by the 12th section of the above recited act; and the real
question in the case is, whether a mandate is the proper
remedy.

It is provided by section 739 of the code, that "writs of
mandate may be issued to any inferior tribunal, corporation,
board or person, to compel the performance of an act which
the law specially enjoins; or a duty resulting from an office,
trust or station."    2 G. & H. 322.

There seems to be no room to doubt that the case made
by the complaint clearly comes within both the letter and
the spirit of the above section.   The law especially enjoined
upon the inspectors the performance of a plain duty.   The
inspectors are officers, and constitute a board.   The duty
imposed is ministerial.   "It is not within their province to

consider or determine any questions relative to the validity of the election held or of the votes received by the persons voted for. They are simply to cast up the votes given for each person, from the proper election documents, and to declare the person who, upon the face of those documents, appears to have received the highest number of the votes given, duly elected to the office voted for." *Brower* v. *O'Brien*, 2 Ind. 423.

The writ of mandamus, even when it is used to place a person in possession of an office, confers no right. It merely places him in possession of the office to enable him to assert his right, which in some cases he could not otherwise do. *Brower* v. *O'Brien, supra*, and authorities there cited.

Moses on Mandamus, page 90, says: "So where the duty of a board of canvassers of an election is simply to receive and count the returns of votes, and not to judge of their validity, or of any fraud affecting them, that question being for another specially appointed tribunal, upon a case properly brought after the board have declared the result, the action of the board in this matter is ministerial only, and mandamus will therefore lie to compel them to perform their duty."

The doctrine as stated by Moses is in full accord with the weight of authority. See the authorities collected and cited in notes on pages 320 and 321, 2 G. & H.; *The State of Iowa, ex rel. Rice,* v. *The County Judge of Marshall Co.,* 7 Iowa, 186; *The State of Iowa, ex rel. Byers,* v. *Bailey,* 7 Iowa, 390; *Luce* v. *Mayhew,* 13 Gray, 83; *Strong, Petitioner, etc.,* 20 Pick. 484.

We are of opinion that the court erred in sustaining the demurrer to the complaint.

The judgment is reversed, with costs; and the cause is remanded, with instructions to the court below to overrule the demurrer to the complaint, and for further proceedings in accordance with this opinion.

*B. B. Dailey,* for appellant.

*C. N. Pollard,* for appellees.