No. 5303.

WILLIAM PHILLIPS *v.* THE STATE.

LOCAL OPTION LAW, when adopted by the vote of the electors, does not become operative until the order of the commissioners court declaring the result of the election has been published for four successive weeks, and the sale of intoxicating liquors in the community to be affected is not, prior to such publication, a violation of the local option law. The order in this case was published in four successive issues of the newspaper of July 4, 11, 18 and 25, and the trial court charged in substance that the law became operative on the last named date. *Held,* erroneous. The law contemplates that the order shall be published for four full consecutive weeks, or twenty-eight days from the day of its first publication, and in refusing a special charge to that effect the trial court further erred.

APPEAL from the County Court of Denton. Tried below before the Hon. S. M. Bradley, County Judge.

The conviction in this case was for a violation of the local option law, and the penalty imposed was a fine of two hundred dollars. The disposition of this case does not necessitate a statement of the facts proved on the trial.

*Smith & Bottorf,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

WILLSON, JUDGE. It is not a violation of the local option law to sell intoxicating liquors until after the order of the commissioners court declaring the result of the election adopting said law has been published for four successive weeks in the newspaper having the largest circulation in the county. (Penal Code, art. 378; Rev. Stats., arts. 3234-3239.) In this case the said order was published in four successive issues of a newspaper, the dates of said issues being July 4, 11, 18 and 25, 1885. The trial judge in effect instructed the jury that the publication of said order was completed July 25, 1885, the date of the last issue of the newspaper in which it was inserted, and that the law took effect and became operative on that day. This was error.

The law contemplates the publication of such order for four full successive weeks, or twenty-eight days, dating from the day of its first publication. Such has been the construction placed upon analogous statutes, and such is, we think, the plain intention of this statute. (Hill v. Faison, 27 Texas, 428; Stephenson v. R. R. Co., 42 Texas, 162.) The local option law did not, therefore, become operative in Denton county until August 2, 1885. Not only was this erroneous charge of the court excepted to, by defendant, but he requested a special instruction presenting the law upon the subject correctly, which was refused by the court, and to which action of the court the defendant also excepted.

Because of these errors the judgment is reversed and the cause is remanded.

*Reversed and remanded.*