No. 6136.

## EX PARTE W. P. BURRAGE.

1. HABEAS CORPUS—LOCAL OPTION—CLERICAL ERROR.—An order of the commissioners court declaring the adoption of local option, which through manifest inadvertence or by a clerical error shows that less than a majority of the votes cast were for prohibition, when, as a matter of fact, it is apparent from other parts of the same order that there was a majority for prohibition, is not invalidated thereby.

2. SAME.—The language of the order announcing the result of the election under the local option law, and that "the sale of intoxicating liquors is absolutely prohibited, except for the purposes and under the regulations prescribed by law," is sufficiently specific and definite.

APPEAL from the District Court of Camp.  Tried below before the Hon. W. P. McLean.

The opinion discloses the case.  The opinion was rendered upon a motion for rehearing, the judgment having been affirmed orally upon the original hearing of the appeal.

*Todd & Hudgins,* for the appellant.

*W. L. Davidson,* Assistant Attorney General, for the State.

White, Presiding Judge. At a former day of the present term we affirmed the judgment with an oral opinion. Appellant has filed a motion for rehearing, which has been supplemented by an able oral argument and brief by his attorney.

He was arrested upon a capias issued from the district court of Camp county, for an alleged violation of the local option law adopted in justice's precinct number one of Camp county, on the twenty-fourth day of August, 1887. He sued out a writ of habeas corpus before the Hon. W. P. McLean, judge of the fifth judicial district, who, upon a hearing of the same, remanded him into custody until he should execute a bond in the sum of two hundred dollars for his appearance at the next regular term of the district court. From that judgment this appeal is taken.

Two objections are urged to the validity of the order of the commissioners court declaring the adoption of local option. After stating the preliminary matters with regard to the special session, etc., for opening the polls and determining the result of the election, the order recites as follows, viz: "And it appearing to the court that the total number of votes cast were six hundred and seventy-one, and that three hundred and thirty-three votes were cast for prohibition, and two hundred and thirty-eight votes were cast against prohibition, and it therefore appearing that a majority of ninety-five votes were cast for prohibition, it is therefore ordered by the court that the sale of intoxicating liquors within the limits of justice's precinct number one, in Camp county, be absolutely prohibited, except for the purposes and under the regulations prescribed by law."

I. It is objected that the order shows upon its face that less than a majority of the votes were cast for prohibition; that is, that three hundred and thirty-three is not a majority of six hundred and seventy-one. In answer to this objection we reply that the order declares the number of votes cast for prohibition to be three hundred and thirty-three, and those against to be two hundred and thirty-eight, and that these two added make five hundred and seventy-one instead of six hundred and seventy-one, which latter is manifestly an inadvertence or clerical error in summing up the total vote; and this mistake or error is further made apparent, we think, by the fact that the order declares the majority for prohibition, in so many words, to be ninety-five; which it would not have been had the aggre-

gate vote been six hundred and seventy-one, as contended for, and the vote against prohibition two hundred and thirty-eight. In that case the majority would have been one hundred and ninety-five instead of ninety-five. Appellant does not deny this, nor does he deny that two hundred and thirty-eight votes were all that were cast against prohibition, and if that be the sum total of the vote against prohibition, it is manifest that in any aspect the case may be viewed, prohibition was not defeated by the votes cast against it. We do not think the objection urged to the order is tenable.

II.   It is objected to the order that it "is null and of no effect because of its vagueness and generality in respect to the exceptions under which intoxicating liquors may be sold in the precinct." The language of the order is that the sale "is absolutely prohibited except for the purposes and under the regulations prescribed by law." This, we think, is sufficiently specific and definite, and Steele's case, 19 Texas Court of Appeals, 429, paragraph 6, is not in point, or, if applicable at all, in our opinion supports the validity and sufficiency of this order in this particular.

A review of the case upon a motion for rehearing has convinced us that our previous affirmance of the judgment of the court below was correct, and the motion for rehearing is therefore overruled.

*Affirmed and motion for rehearing overruled.*