Filed May 14, 1892.

---

No. 15,758.

## ENOS *v.* STATE, EX REL. GODER.

ELECTIONS.—*Failure to Make Certificate.—Presumption as to Public Officer.*— In an action against an inspector of an election board to compel him to make out and file with the clerk of the court the certificate provided for by section 3309, R. S. 1881, it must be presumed, in the absence of a showing to the contrary, that he and the judge of the election did their duty and that such return was made. Public officers are presumed to have done their duty until the contrary is shown.

SAME.—*Mandate.*—Upon the failure and refusal of the inspector to make the necessary return, mandate was the proper remedy to compel him to do so.

SAME.—*Mode of.—Statute as to Directory.*—Statutes regulating the mere mode of conducting an election are directory, and a departure from such mode will not generally defeat the successful candidate.

From the Fayette Circuit Court.

*G. C. Florea* and *L. L. Broaddus*, for appellant.

*R. Conner, H. L. Frost, D. W. McKee* and *J. I. Little*, for appellee.

COFFEY, J.—On the first Monday of May, 1890, the legal voters of the incorporated town of East Connersville, in Fayette county, held an election for the purpose of electing town officers. At such election the relator, Peter Goder,

and one Samuel D. Walker were opposing candidates for the office of trustee from the fifth ward in said town. There were one hundred and twelve votes cast, of which number the relator received sixty-six and Walker received forty-six. The appellant acted as the inspector at the election, John M. Lillie as judge, and George M. Williams as the clerk.

When the polls closed the inspector and judge proceeded to canvass the vote, with the result above stated.

There were some irregularities in the election, but it is not claimed that any illegal votes were cast, that any one who was entitled to vote was prevented from doing so, or that any fraud intervened. Nor is it at all disputed that the relator was duly elected.

This action was instituted for the purpose of compelling the appellant, as the inspector of the election, to make out and file with the clerk of the Fayette Circuit Court the certificate provided for by section 3309, R. S. 1881.

It is objected to the complaint that it is fatally defective for failing to allege that the election board made a certified return of the number of votes cast for each candidate at such election.

The complaint does allege that the election was duly and legally held. Assuming that the appellant and the judge were required to make a certified return of the number of votes cast for each candidate, we must presume, in the absence of a showing to the contrary, that they did their duty and that such return was made. Public officers are always presumed to have done their duty until the contrary is shown. *Baker* v. *Merriam*, 97 Ind. 539 ; *Cummins* v. *City of Seymour*, 79 Ind. 491. In our opinion the complaint states a cause of action.

We do not think the court erred in overruling the appellant's motion for a new trial.

From the poll-book and tally-sheet returned by the election board, it distinctly appeared that the relator was duly

elected to the office of trustee for the fifth ward, in the incorporated town of East Connersville. There was nothing uncertain as to the result of the election.

Statutes regulating the mere mode of conducting an election are directory, and a departure from such mode will not generally defeat the successful candidate. *Gass* v. *State, ex rel.,* 34 Ind. 425.

In this case there was but one inspector, the appellant. With the returns before him he was bound to know that the relator was duly elected, and it was his duty, in our opinion, to file the certificate required by the provisions of section 3309, *supra,* with the clerk of the Fayette Circuit Court within the time therein fixed. Having failed and refused to do so, mandate was the proper remedy. *Kisler* v. *Cameron,* 39 Ind. 488.

There was no prejudicial error committed by the court in the admission of evidence on the trial of the cause.

Judgment affirmed.

Filed May 12, 1892.