PEOPLE ex rel. LEWIS v. BRUSH et al.

(Supreme Court, General Term, Second Department. December 10, 1894.)

MUNICIPAL CORPORATIONS—WHO COMPOSE COUNCIL—MAYOR.

> Mt. Vernon City Charter (Laws 1892, c. 182) § 10, provides that the votes cast at a municipal election shall be canvassed by the common council. Section 158 declares that the 10 aldermen "shall constitute the common council." Section 159 provides that "each member" of the council shall have a vote, "except the mayor when presiding," who can vote only in case of a tie. Section 161 provides that a majority of the council shall be a quorum for the transaction of business, but that no tax shall be ordered, or appointment to office made, except by a concurring vote of the majority of all the members of the common council in office, including the mayor, who shall be entitled to vote thereon as a member of the common council. Held that, when the common council is convened to canvass a vote, the mayor is merely the presiding officer, without a vote except in the case of a tie, and is not to be counted in ascertaining a quorum.

Appeal from special term, Westchester county.

Application by Edson Lewis for writ of mandamus to Edward F. Brush, claiming to be the mayor of the city of Mt. Vernon, and others, as the common council of said city, to compel the recognition of relator as mayor of said city. The application was denied, and relator appeals. Affirmed.

The opinion of Mr. Justice BARTLETT, at special term, denying the application, is as follows:

> Before any writ of mandamus, peremptory or alternative, can be awarded to the relator in the present proceeding, it must appear that the mayor of Mt. Vernon and five aldermen constituted a body competent to canvass the vote cast in that city at the last municipal election for office of mayor. The canvass, under the charter, must be made by the common council. Laws 1892, c. 182, § 10. The charter declares that the aldermen, of whom there are ten in all, "shall constitute the common council of the city." Section 158. The mayor, when present, is to preside at the meetings. "In the proceedings of the common council each member present shall have a vote except the mayor when presiding, who shall have only a casting vote when the votes of the other

members are tied." Section 159. "A majority of the common council shall-
be a quorum for the transaction of business, but no tax or assessment shall
be ordered, nor any appointment to office be made except by a concurring
vote of a majority of all the members of the common council in office, in-
cluding the mayor, who shall be entitled to vote thereon as a member of the
common council." Section 161. The use of the expression "other members,"
in section 159 of the charter, affords some basis for the argument that the
mayor is to be deemed at all times a member of the common council. No-
where, however, does the statute say in express terms that he is a member.
It says he may vote in case of a tie. and that he shall be entitled to vote as a
member in relation to taxes, assessments, and appointments to office; but in
declaring who shall constitute the common council it mentions the aldermen,
and the aldermen alone. I think a fair interpretation of the various pro-
visions, construing them together, is that the mayor, though not a member
of the common council, has the right to vote with the same force and effect
as a member in reference to the matters specified in section 161 of the charter,
none of which have anything to do with the canvassing of votes. When the
common council is convened to make a canvass, his functions are merely
those of a presiding officer, without any voting power except in case of a tie.
He is no more to be counted in ascertaining whether a quorum is present
than the lieutenant governor can be counted to make up a quorum of the state
senate because the constitution gives that officer a casting vote therein. It is
argued, however, that the provision in section 161 of the charter of Mt.
Vernon that a majority of the common council shall be a quorum for the
transaction of business, does not apply to a ministerial duty imposed upon
the common council as public officers, and that those members who attended
to carry out the mandate of the statute could effectually canvass and declare
the result. I cannot see why the statutory declaration as to what shall con-
stitute a quorum does not relate to a meeting at which a ministerial duty is
to be performed, just as much as to a meeting for the performance of some
other sort of duty. The charter makes no distinction. In providing for a
quorum, it denies by the strongest implication the power of any smaller
number to act as the common council, and leaves no room for the application
of the common-law doctrine that, where the power of acting is conferred
upon a corporate body, and all the members have been properly notified to
attend, those who do attend are competent to exercise the power.

I have carefully examined the authorities cited in the brief of the learned
counsel for the relator, and find none in conflict with the views I have ex-
pressed. In Horton v. Garrison, 23 Barb. 176, the note in suit was signed by
two out of three of the school trustees. so that there was no question but the
act was the act of a majority. In the case of Bank of Maryland v. Ruff, 7 Gil. &
J. 448, the charter of the bank required seven directors to make a quorum, and
a meeting of the president and six directors was held to constitute a sufficient
board for the transaction of business; but this was because, under the
charter, the president was declared to be entitled to all the powers and priv-
ileges of a director. In Kimball v. Marshall, 44 N. H. 465, the power to elect
a municipal officer was devolved by law upon the mayor, aldermen, and com-
mon council sitting in convention. An election by a quorum of the entire
body was pronounced valid, although there was not a quorum of the board
of aldermen in attendance, considering that branch of the city government
by itself. In Launtz v. People, 113 Ill. 137, no question of quorum arose,
because all the councilmen, eight in number, were present at the election.
Four voted in the affirmative. The other four refused to vote either way.
The mayor, who was entitled to vote only in case of a tie, treated those who
refused to vote as though they had voted in the negative, and decided the
question by voting in the affirmative. In this he was sustained by the
supreme court of Illinois, Sheldon, J., saying in the opinion that the presence
of those who abstained from voting sufficed to constitute the elective body.
Ex parte Rogers, 7 Cow. 526, so far as it has any bearing here, is merely an
authority to the effect that in a public judicial body, where all convene and
act, the majority may decide, notwithstanding the dissent of a member who
declares himself to be absent. In Small v. Orne, 79 Me. 78, 8 Atl. 152, as in
the Illinois case of Launtz v. People, above cited, there was no question as

to the presence of quorum. The defendant was a candidate for the office of constable of Rockland. At a regular meeting of the city council 13 votes were cast for him and 13 for his opponent, whereupon the mayor, who was entitled to the casting vote, declared the defendant elected, without formally depositing any ballot himself; and it was held that the election was lawful, notwithstanding the omission of the formality. These citations are all which seem to require notice. It does not appear to me that they suffice to sustain the ingenious contention of the learned counsel who represents the relator. The application must be denied.

Argued before BROWN, P. J., and DYKMAN and CULLEN, JJ.

Roger M. Sherman, for plaintiff.
Joseph S. Wood, for defendants.

CULLEN, J. I vote to affirm order on opinion of BARTLETT, J., at special term. All concur.