## KUNKLE *v.* COLEMAN ET AL.

[No. 21,558. Filed June 8, 1910.]

1. PLEADING.—*Plea in Abatement.—Demurrer to.—Form of.—*A demurrer to a plea in abatement, alleging that such plea does not state facts sufficient to constitute a cause of defense, is insufficient to present any question. p. 319.

2. PLEADING.—*Character of.—How Determined.—*The character of a pleading is determined by its substance and its object, and not by what it is called by the pleader. p. 320.

3. PLEADING.—*Plea in Abatement.*—*What is.*—A plea in abatement does not go to the merits of the action, but has the effect of postponing the action until some disclosed requisite is complied with. p. 320.

4. PLEADING.—*Plea in Bar.*—*Effect of.*—A plea in bar alleges matters avoiding the cause of action stated in the complaint. p. 320.

5. INTOXICATING LIQUORS.—*Application.*—*Elections.*—*Plea in Bar.*—A plea to an application for a license to retail intoxicating liquors, alleging that a county local option election had been held, and that a majority had voted to prohibit saloons, is a plea in bar. p. 320.

6. PLEADING.—*Plea in Abatement.*—*Definiteness.*—A plea in abatement must be clear and definite, leaving nothing to be supplied by intendment or construction. p. 320.

7. INTOXICATING LIQUORS.—*Local Option Elections.*—*"Tabulating" Vote.*—*Meaning of.*—To "tabulate" the vote at an election imports that the result was put or formed into a table or list. p. 321.

8. INTOXICATING LIQUORS.—*Elections.*—*Boards of Canvassers.*—*Duties.*—The duties of the canvassers at a county local option election are purely ministerial, and require the tabulation of the returns. p. 321.

9. INTOXICATING LIQUORS.—*Local Option Elections.*—*Board of Canvassers.*—*Mandamus.*—Where the law requires a certificate of the vote at a local option election by a defined board, it cannot be made by others; and such board may be mandated to execute such certificate. p. 321.

10. INTOXICATING LIQUORS.—*Elections.*—*Publication of Result.*—Where the law requires a publication of the result of a local option election, the election does not become effective until the publication of the result. p. 322.

11. INTOXICATING LIQUORS.—*Elections.*—*Declaring Result.*—*Following Statute.*—In declaring the result of a local option election it is sufficient if the statute is substantially complied with. p. 322.

12. INTOXICATING LIQUORS.—*Elections.*—*"Tabulating" Vote.*—*Pleas in Bar.*—A plea in bar to an application to retail intoxicating liquors, alleging that the returns of the county local option election were duly "tabulated" by the election commissioners, sufficiently shows that the result of the vote was ascertained. p. 322.

13. INTOXICATING LIQUORS.—*Local Option Elections.*—*Certifying Vote.*—*Failure to File Certificate with Auditor.*—Neither the certifying of the result of a local option election by the county auditor instead of by the election commissioners, nor the failure to file such certificate with the auditor, will defeat the result of the election. p. 322.

14. INTOXICATING LIQUORS.— Elections.— Declaring Result.— The failure of the board of commissioners to enter an order declaring the result of a county local option election does not affect the result; and the board's record of the vote furnishes sufficient evidence thereof. p. 322.

15. INTOXICATING LIQUORS.—Elections.—Statutes.—Construction.— Local option election statutes are construed liberally to carry out the intention, and provisions thereof will be regarded mandatory where they do, and directory, where they do not affect the merits. p. 322.

From Pike Circuit Court; *John L. Bretz,* Judge.

Application to retail intoxicating liquors by John E. Kunkle, against which John W. Coleman and others remonstrate. From a judgment for remonstrants, the applicant appeals. *Affirmed.*

*Alvin Padgett, A. J. Padgett, E. P. Richardson* and *Arthur. H. Taylor,* for appellant.

*S. E. Dillin* and *D. D. Corn,* for appellees.

MYERS, J.—Appellant applied for liquor license in 1905, and his application had been pending in various forms and stages, including two appeals to this court (*Kunkle* v. *Abell* [1906], 167 Ind. 434, *Kunkle* v. *Abell* [1908], 170 Ind. 305), and upon the redocketing of the cause in the Pike Circuit Court the following plea, omitting the caption and the jurat, was filed: "The defendants, Oliver A. Byers, et al., 1,220 residents and legal voters of the County of Pike and State of Indiana, by way of plea in abatement herein, allege that on December 5, 1908, in accordance with the provisions of an act of the special session of the legislature of 1908 (Acts 1908 [s. s.] p. 4), entitled 'An act to better regulate, restrict and control the sale of intoxicating liquors and providing for local option elections,' " presented their petition to the commissioners of said county, asking that an election be held in said county to determine whether the sale of intoxicating liquors should be prohibited in said county; that said petition contained the names of more than twenty per cent of the voters of said county, as shown by the aggre-

gate vote in said county cast for Secretary of State at the last preceding general election held in said county; that in accordance with the prayer of said petition said board of commissioners of said county ordered a special election to be held in all the voting precincts of said county on December 31, 1908; that election commissioners and other election officers were appointed for the purpose of holding said election as provided in said act, and legal notice thereof was given by the sheriff of said county; that in pursuance of said notice the polls in all the voting precincts of said county were opened for said purpose on said day; that at the closing of the polls the votes for and against said proposition were duly counted by the board of the several precincts, and on January 1, 1909, the inspectors of each of said precincts brought the returns of said vote to Petersburgh, Indiana, where they were duly tabulated by the election commissioners appointed for the purpose of holding said election; that said vote, when tabulated, showed that there had been a total of 2,135 votes cast, prohibiting the sale of intoxicating liquors as a beverage in said county, and a total of 1,218 votes against such prohibition, being a majority of 917 in favor of such prohibition; that on January 4, 1909, the auditor of said county duly certified said vote to the board of commissioners of said county, and it was by said board duly recorded in the commissioners' record of said county. "Wherefore, said defendants pray that this action may abate."

Appellant filed the following demurrer to appellees' plea in abatement: "That said plea in abatement does not state facts sufficient to constitute a cause of defense to plaintiff's cause of action, being his application for a license to sell intoxicating liquors at retail in Washington township, in said county and State."

The court overruled appellant's demurrer to the plea, and he excepted and refused to plead further, and the court rendered judgment against him.

Two general questions are presented by this appeal. The constitutionality of the act of the 1908, *supra,* is attacked upon numerous grounds, all of which have been determined adversely to appellant in late cases. See *McPherson* v. *State* (1910), *ante,* 60; *Gordon* v. *Corning* (1910), *post,* 337

The second proposition contended for by appellant is that, conceding that the act is constitutional, the so-called plea in abatement is insufficient in the following particulars: It does not allege (a) that the election commissioners met at the auditor's office in the court-house, and canvassed the returns and certified the result, (b) that the certificate of election was filed with the auditor, (c) that the board of commissioners at its next regular session made an order declaring the result of said election, (d) that the election commissioners met at the auditor's office at 10 o'clock a. m. and canvassed the return, and certified the result to the board of commissioners, (e) that the election commissioners ever certified the result of said election to the board of commissioners, or that any certificate of the election commissioners was ever filed with the auditor, (f) that the election commissioners ever canvassed· the returns, or ascertained that a majority of the votes was in favor of, or against the prohibition of the sale of intoxicating liquors, (g) nor that any record was ever made upon any competent authority under the act of 1908, which would authorize the Pike Circuit Court to deny appellant's application.

Appellees denominated the pleading filed by them a plea in abatement. Appellant's demurrer is addressed to it, upon the theory that it is a plea in bar. The demurrer is for want of facts sufficient to constitute a defense to the application. Appellees claim that the demurrer is insufficient in form to raise any question. If the pleading is one in abatement, appellees are right. *Combs* v. *Union Trust Co.* (1897), 146 Ind. 688; *State, ex rel.,* v. *Lannoy* (1903), 30 Ind. App. 335.

Appellant insists that the pleading must be determined,

as to character, not by what it is denominated by the pleader, but by the substance and object of the pleading. *McClanahan* v. *Williams* (1893), 136 Ind. 30; *Sidener* v. *Davis* (1879), 69 Ind. 336; *Harness* v. *Harness* (1878), 3 Ind. 1.

A plea in abatement is one which does not go to the merits of the action, but postpones the action until some requisite disclosed by the plea is complied with. *Moore* v. *Sargent* (1887), 112 Ind. 484; 1 Ency. Pl. and Pr. 1.

But a pleading which alleges matter in avoidance of a cause of action is a plea in bar. *State, ex rel.,* v. *Ruhlman* (1887), 111 Ind. 17; *Morningstar* v. *Cunningham* (1887), 110 Ind. 328; *Hereth* v. *Smith* (1870), 33 Ind. 514.

If an election was duly held in Pike county under the act of 1908, *supra,* and a majority of the legal votes cast was against the granting of a license for the sale of intoxicating liquors, it needs no argument to prove that such facts formed an absolute bar to the granting of a license to appellant, hence the pleading attempting to show those facts was necessarily a plea in bar, for no state of facts could exist which would authorize licensing, and the pleading is not required to state any facts beyond those necessary to defeat a right of action, and does not require the definiteness and certainty of a plea in abatement, which must leave nothing to be supplied by intendment or construction. *Moore* v. *Morris* (1895), 142 Ind. 354; *Needham* v. *Wright* (1895), 140 Ind. 190.

The pleading alleges that the returns of the vote were "tabulated" by the election commissioners, and that the "vote when tabulated" showed a majority of 917 in favor of such prohibition; that on January 4, 1909 (the election having been held December 31, 1908), the auditor certified the vote to the board of commissioners, and it was duly recorded in the commissioners' record of said county. What

is the effect of the averment that there was a majority of 917 in favor of prohibition, and what are we to understand from the allegation that the election commissioners "tabulated" the vote, and what is the legal effect of the allegation that the auditor certified the vote to the commissioners, and that it "was duly recorded in the commissioners' record?" Is tabulating the vote synonymous with canvassing the vote, and if so, is it essential that the election commissioners shall certify the result, and that the board shall enter an order declaring the result? To tabulate is defined to "put into a synoptical list or a schedule; as, to tabulate results," to "put or form into a table, or tables; collect or arrange in lines or columns, formulate tabularly, as to tabulate statistics, or list of names." The duties of canvassers are purely ministerial. They perform the mathematical act of tabulating the votes of the different precincts as the returns come to them. *Moore* v. *Kessler* (1877), 59 Ind. 152; *Kisler* v. *Cameron* (1872), 39 Ind. 488; *Brower* v. *O'Brien* (1850), 2 Ind. 423; 10 Am. and Eng. Ency. Law (2d ed.) 746; 15 Cyc. 379-382.

The law is settled that where a certificate of the vote is required by defined persons or a defined board, it cannot be done by others, and that such certificate may be required by mandamus. *State, ex rel.,* v. *Stein* (1892), 35 Neb. 848, 53 N. W. 999; *State, ex rel.,* v. *Board, etc.,* (1874), 36 Wis. 498; *Attorney-General, ex rel.,* v. *Elderkin* (1856), 5 Wis. 300; *White* v. *Brim* (1892), 48 Mo. App. 111; *State* v. *Prather* (1890), 41 Mo. App. 451; *Rider* v. *Brown* (1893), 1 Okla. 244; *Pacheco* v. *Beck* (1877), 52 Cal. 3; *People, ex rel.,* v. *Brush* (1894), 31 N. Y. Supp. 586.

Where it was provided that the result of a local option election was required to be published to become effective, such publication was held a condition precedent to the elec-

tion's becoming effective. *Toole* v. *State* (1889), 88 Ala. 158, 7 South. 42; *Phillips* v. *State* (1887), 23 Tex. App. 304, 4 S. W. 893.

The order declaring the result need not be in the precise words of the statute, but is sufficient if it substantially complies with it. *Ex parte Burrage* (1888), 26 Tex. App. 35, 9 S. W. 72; *James* v. *State* (1886), 21 Tex. App. 189, 17 S. W. 422.

We have no difficulty in understanding that as here used the word "tabulate" means to ascertain the result of the vote, and that is precisely the effect of a canvass of the vote. If it be true that the auditor formally certified the result of the vote, instead of its being formally certified by the election commissioners, that could be no more than an informality or irregularity, nor could the failure to file the certificate of the vote with the auditor defeat the result of an election. These are but the evidence of the vote; otherwise we should have the case of a possibility of a result being defeated by the form, or lack of form, pursued by officers of election. So, also, the failure of the commissioners to enter a formal order declaring the result could not defeat the result shown by the return of the election commissioners, or the vote itself, and the fact that the vote was recorded by the commissioners in their record, furnishes the necessary record of the fact. The material thing is the result of the vote, and it cannot be defeated by the fact that the officers charged with ministerial duties perform them irregularly. Election laws are directory rather than mandatory, and are to be liberally construed when necessary to effectuate the intention of voters, unless the statute declares a particular act essential, or that its omission shall render the election void. They will be regarded mandatory only where they affect the merits, and directory only where they do not affect the merits. *Wampler* v. *State, ex rel.* (1897), 148 Ind. 557; *Sego* v. *Stoddard* (1894), 136 Ind.

297; *Enos* v. *State, ex rel.* (1892), 131 Ind. 560; *Parvin* v. *Wimberg* (1892), 130 Ind. 561; *Duncan* v. *Shenk* (1887), 109 Ind. 26.

Appellant cannot complain of an answer which itself shows the result of the election, and the judgment is affirmed.