NAHUM MORRILL, Administrator of the Estate of JOSHUA ROBINSON, deceased, *vs.* JOSHUA ROBINSON, Junior.

Androscoggin.    Opinion February 11, 1880.

*Deed.   Consideration.   Parol testimony,   Estoppel.*

In the absence of fraud, there being no ambiguity or uncertainty in the terms of the deed itself, verbal admissions of the defendant, like other parol testimony, are inadmissible to modify or vary its legal effect.

The grantor and his representatives, in the absence of fraud, are estopped by the consideration clause in the deed from alleging that it was executed without consideration.

ON REPORT.

The facts appear in the opinion.

*Nahum Morrill*, for the plaintiff, contended that if the deed offered in evidence by the defendant was made for the particular purpose of taking the place of an old deed of anterior date to the mortgage, upon which the action was based, it would be fraudulent to use it to defeat and discharge the mortgage. Kerr, Fraud & Mistake, 276, 388; *Brainard* v. *Brainard*, 15 Conn. 585; 3 Blackstone (Shars.), 431; 1 Story's Eq. 12th ed. 37; *Bright, Ex'r*, v. *Eynon*, 1 Burr. 399; *Sawyer* v. *Burke*, 12 Pet. 11; *U. S.* v. *Spaulding*, 2 Mes. 476; 3 Bac. Abr. Title, Fraud; *Jones* v. *Emery*, 40 N. H. 348; *Hoitt* v. *Holcomb*, 23 N. H. 535; 2 Greenl. Ev. § 246; *Somes* v. *Skinner*, 16 Mass.

348; *Bliss* v. *Thompson*, 4 Mass. 488; *Seymour* v. *Hoadley*, 9 Conn. 420; *McDonald* v. *Trafton*, 15 Maine, 225; *Boyce, Ex'r, v. Grundy*, 3 Pet. 310; *Prentiss* v. *Russ*, 16 Maine, 30; *Reservoir Co.* v. *Chase*, 14 Conn. 132; *Holbrook* v. *Burt*, 22 Pick. 546; *Dobell* v. *Stevens*, 3 B. & C. 623; *Hotsen* v. *Browne*, 9 C. B. 442.

Parol evidence may be received to contradict and explain a written instrument. *Jones* v. *Emery, supra; Brainard* v. *Brainard*, 15 Conn. 575; *Goodwin* v. *Hubbard*, 15 Mass. 219; 1 Chitty Contr. (11th Am. ed.) 159, 160; *Johnson* v. *Miles*, 14 Wend. 195; *Russell* v. *Rogers*, 15 Wend. 351 *Holley* v. *Young*, 66 Maine, 520; *Bollinger* v. *Eckhart*, 16 Serg. & R. 424; *Cooling* v. *Noyes*, 6 D. & E. 264: *Armstrong* v. *Hobbs*, 1 Coxe, 178; *Colburn* v. *Mathews*, 2 Rich. 386; *Swift* v. *Hawkins*, 1 Dall. 17.

The acknowledgment of payment in a deed is open to unlimited explanation in every direction. *Farrar* v. *Smith*, 64 Maine, 74; *Goodspeed* v. *Fuller*, 46 Maine, 141; *Emmons* v. *Littlefield*, 13 Maine, 233.

*L. H. Hutchinson* and *A. R. Savage*, for the defendant.

SYMONDS, J. This is a writ of entry, alleging that Joshua Robinson, senior, the plaintiff's intestate, within twenty years last past, was seized of about twenty acres of land in Auburn, in fee and in mortgage, and that the defendant has thereof disseized him.

The plaintiff introduces the mortgage under which he claims as administrator, dated April 14, and recorded April 23, 1866.

Besides the general issue, the defendant, in a brief statement, pleads title in fee in himself and offers in evidence a deed of warranty from Joshua Robinson, senior, dated March 28, and recorded April 4, 1877.

The deed and mortgage are correct in form, and their delivery is not denied.

The plaintiff attacks the warranty deed to the defendant on the ground of fraud, and for the purpose of defeating its operation as a later deed, discharging the mortgage, offers the following testimony:—"That, on or about March 26, 1877, the defendant applied to a scrivener to go to his house to make a

deed from the deceased, who was the defendant's father, to him ; and at that time said he had a deed of the premises, but it was good for nothing ; he at that time exhibited the deed to the scrivener, who read it and advised the defendant that it was a good and valid deed.    The defendant then said that there was no stamp on it, and that he rather pay for a new deed than to be at the expense of having that one stamped ; that, on March 28, 1877, he, the scrivener, when to the defendant's house, where he found the deceased who was then sick ; that deceased told him in presence of the defendant, that he wanted to give the defendant a new deed of the premises described in the writ, because the old one was good for nothing ; that he made the deed, the deceased signed and acknowledged it, the defendant paid him for his services, and he then went away.    The plaintiff further offered to prove that when said deed was made and delivered, no money was paid by the defendant to the deceased, as a consideration for said conveyance, and that no reference was made to the aforesaid mortgage, and, further, that the defendant subsequently admitted that the deed offered by him in evidence was made to take the place of the old deed and to confirm it and that he had destroyed the old deed."

It would certainly be going very far to hold that here is evidence of fraud, to defeat a deed.    It would be to give an undue weight to the circumstances disclosed, and to treat a suspicion as proof.    The testimony offered does not contain a single statement of the son to the father.    Whether there had been a conversation between them on this subject, and what was its tenor, if one occurred, are questions to which there is no reply, except by inference.    The only remark of the father, which appears, is the direction to the scrivener to write a new deed, which he wanted to give to the defendant, because the old deed was good for nothing.    This old deed is not produced, nor its contents proved, and whether it was in fact good or not, we only know from the opinion of the scrivener ;— unless we are to assume its validity, from the fact that the only complaint which the demandant offered to prove on the part of the defendant in regard to it was the absence of a stamp.

To treat the deed as fraudulently procured, upon this evidence, would be to act upon a suspicion, without proof.

Without fraud, and without ambiguity or uncertainty in the terms of the deed itself, verbal admissions of the defendant, like other parol testimony, were inadmissible to modify or vary its legal effect, and the plaintiff, representing the intestate, is estopped to deny a consideration for the deed.

*Judgment for the defendant.*

APPLETON, C. J., WALTON, PETERS and LIBBEY, JJ., concurred.