COMBS v. THE UNION TRUST COMPANY, TRUSTEE OF THE NEW ALBANY RAIL MILL COMPANY.

[No. 18,029.  Filed February 3, 1897.]

PLEADING.— *Plea in Abatement.*— *Sufficiency Of.*— An answer in abatement is not required to state facts sufficient to constitute a defense to an action, it is sufficient if it states facts sufficient to abate the action.

ASSIGNMENT FOR BENEFIT OF CREDITORS.— *Attachment by Foreign Creditor.*— A foreign creditor cannot by attachment proceedings sequester the property in another state which has been voluntarily assigned by a debtor in this State for the benefit of all his creditors, and at the same time prosecute his claim against the assignee in this State, and have the claim allowed, and share in the funds which the assignee has in his hands for the payment of debts.

EVIDENCE.— *Examination of Party.—Admission in Evidence of Answers to Interrogatories.*—The defendant having the right to introduce in evidence the answers to interrogatories propounded to the plaintiff in accordance with section 362, Burns' R. S. 1894 (359 R. S. 1881), the plaintiff cannot complain of their introduction on the ground that they were not the best evidence. If the interrogatories were improper the question should have been raised by a motion to reject.

SAME.— *Examination of Party.— Answers to Interrogatories are Admissions.*—Answers to interrogatories propounded to a party in accordance with section 362, Burns' R. S. 1894 (359 R. S. 1881), are admissions of the party under oath, and the rule that parol evidence is not admissible to prove the contents of documents and other writings or other facts shown by the decree of a court or other public record, does not apply in all its strictness. Such admissions are received as primary evidence.

From the Floyd Circuit Court. *Affirmed.*

*G. B. Cardwill* and *E. G. Henry,* for appellant.

*C. L. Jewett* and *H. E. Jewett,* for appellee.

MONKS, J.—On July 21, 1893, the New Albany Rail Mill Company made an assignment to appellee for the benefit of all its creditors. Appellant, a resident of the state of Illinois, claimed that said New Albany Rail Mill Company was indebted to him in the sum of $5,000.00, and filed the claim therefor with appellee for allowance. This claim was disallowed by appellee and, as required by law, the same was placed upon the docket of the court below for trial.

Appellee filed answer in abatement, to which appellant filed a demurrer, which was overruled, and a reply was filed by appellant to said answer. Upon the issues so joined the court tried said claim, and at request of appellant made a special finding of the facts and stated its conclusions of law thereon, and over a motion for a new trial rendered judgment in favor of appellee that said action abate.

The errors assigned call in question each conclusion of law, the action of the court in overruling the demurrer to the answer in abatement, and in overruling the motion for a new trial. The ground of objection to the answer in abatement, stated in the demurrer, was that it did not state facts sufficient to constitute a defense. An answer in abatement is not required to state facts sufficient to constitute a defense to the action, it is sufficient if it states facts sufficient to abate the action. The demurrer did not present this question, and was therefore properly overruled.

It appears from the special finding that appellant, after the assignment to appellee and before he filed his claim with appellee, to-wit, on August 11, 1893, brought an action thereon in the circuit court of Cook county, Illinois, and in said action a writ of attachment was issued and levied upon about thirty tons of sheet iron, property which was covered by said assignment, and which was afterwards sold by the sheriff of said county in an attachment proceeding of other creditors of said New Albany Rail Mill Company, and the net proceeds of said sale, about $800.00, were paid into said circuit court, where the same are awaiting the decision of the court whether the same should be paid to appellant or to the other claimant.

The court stated, as a conclusion of law, that appellant had no right to prosecute this case until the proceeding in Illinois was disposed of.

The question presented by the exceptions to the conclusions of law is, whether a foreign creditor can by attachment proceedings sequester the property in another state which has been voluntarily assigned by a debtor in this State for the benefit of all his creditors and at the same time prosecute his claim against the trustee in this State and have the claim allowed and share in the funds which the assignee has in his hands

for the payment of debts.  If he cannot, the court did not err in its conclusions of law.

It is the law in this State concerning voluntary assignments that the claims of the creditors, foreign and domestic, shall be allowed and paid *pro rata*, and that the holder of any lien or incumbrance on any of the property assigned shall only share *pro rata* with the other creditors in the residue of his claim after the application of the proceeds of the property upon which the lien or incumbrance is held.  Section 2911, Burns' R. S. 1894 (2674, R. S. 1881.)  If a resident of this State should go into another state where there is property covered by the assignment and seek by legal proceedings to have the same applied to the payment of his claim, and thus secure more than his *pro rata* share with other creditors, he may in such case be enjoined in the courts of his domicile from prosecuting his suit in the courts of such foreign jurisdiction.  *Wilson* v. *Joseph*, 107 Ind. 490, and cases cited; *Sandage* v. *Studebaker, etc., Co.*, 142 Ind. 148, 157; *Hayden* **v.** *Yale*, 45 La. Ann. 362, 40 Am. St. 232 and note, 12 South. 633; *Vermont & C. R. R. Co.* v. *Vermont Cent. R. R. Co.*, 46 Vt. 792; *Cole* v. *Cunningham*, 133 U. S. 107.

And if such domestic creditor is not enjoined and files his claim with the trustee, he will be charged with the amount collected upon his claim out of the property in the foreign jurisdiction and required to account for the same in the distribution among the creditors so that he shall only share *pro rata* with the other creditors.  *Winslow* v. *Fletcher*, 53 Conn. 390, 55 Am. Rep., note p. 137, 4 Atl. 250; Dicey on Conflict of Laws (Am. ed.), 337.

This rule also applies to foreign creditors, and if they have collected any part of their claim by legal proceedings after the assignment, they must account

Combs v. Union Trust Co., Trustee of New Albany Rail Mill Co.

for the same in like manner as a domestic creditor before their claim will be allowed. And so long as such proceeding is pending and undisposed of, his claim, if filed with the trustee in the domicile of the debtor, may be stayed or proceedings thereon abated. These rules are the necessary result of the policy of our law that all unsecured creditors are to be paid *pro rata*.

If it were conceded that appellant had a lien on said sheet iron by virtue of his attachment proceeding in Illinois, and that said lien was superior to appellee's title thereto, appellant would not be entitled to receive any portion of his claim out of the general fund in the hands of appellee until he proceeded to enforce payment of his debt by sale or otherwise of said sheet iron. Section 2911 (2674), *supra.* The special finding shows that the legal proceedings instituted by appellant in the state of Illinois are still pending, and it is clear that he is not entitled to receive anything from appellee until it is known what amount he has collected by that proceeding.

It follows that the court did not err in its conclusions of law.

It is next urged that the court erred in overruling the motion for a new trial.

Interrogatories were propounded to appellant before the trial, under section 362, Burns' R. S. 1894 (359, R. S. 1881), which were answered by him under oath, and the same were read in evidence at the trial, over the objection of appellant, "that the said answers were concerning the attachment proceedings commenced by him in the state of Illinois, which could only be proven by an authenticated copy of the record." This is also specified as a cause for a new trial.

It is clear, however, that the court did not err in

permitting the answers to interrogatories to be read in evidence. It is expressly provided by section 362 (359), *supra*, that after the interrogatories have been answered that the party requiring them has the right to read them in evidence. If the interrogatories were not relevant, or it was not proper to answer them for any reason, appellant should have moved the court to reject them. Having failed to present the question at the proper time, and having answered the interrogatories, he cannot afterwards complain that they were introduced in evidence. *Cincinnati, etc., R. W. Co.* v. *Howard*, 124 Ind. 280.

Besides, answers to interrogatories are admissions of the party under oath, and the rule that parol evidence is not admissible to prove the contents of documents and other writings or other facts shown by the decree of a court or other public record, does not apply in all its strictness to the admissions of a party. Such admissions are received as primary evidence. 2 Works Prac., section 1233; *Loomis* v. *Wadhams*, 8 Gray, 557; *Smith* v. *Palmer*, 6 Cush. 513; *Edgar* v. *Richardson*, 33 Ohio St. 581, 31 Am. Rep. 571; *Taylor* v. *Peck*, 21 Grat. 11; *Edwards* v. *Tracy*, 62 Pa. St. 374; *Blackington* v. *City of Rockland*, 66 Me. 332; *Morrill* v. *Robinson*, 71 Me. 24; *Slatterie* v. *Pooley*, 6 Mees. & W. 663; *Earle* v. *Picken*, 5 Car. & P. 542; 2 Wharton on Evidence, section 1081; Stephen's Digest of Evidence (Chase's ed.), p. 127.

It is also specified as a cause for a new trial that the court erred in requiring appellant, who testified at the trial as a witness for appellee, to answer certain questions in regard to the attachment proceedings commenced by him in Illinois. The error, if any was committed, was harmless, for the reason that the answers to the interrogatories and the other competent evi-

dence was amply sufficient to sustain the finding of the court.

There is no available error in the record.

Judgment affirmed.