## STATE, EX REL. LANNOY, *v.* LANNOY.

[No. 4,280. Filed January 15, 1903.]

FRAUDULENT MARRIAGE.—*Bastards.*—*Divorce.*—An answer that the wife procured a divorce after the husband's desertion does not constitute a defense to an action by the State on the relation of the divorced wife for the recovery of the penalty provided by §7298 Burns 1901, for the fraudulent marriage and abandonment of the wife by the husband.

From Blackford Circuit Court; *E. C. Vaughn*, Judge.

Action by State on the relation of Adah Lannoy against August Lannoy. From a judgment in favor of defendant, plaintiff appeals. *Reversed.*

*J. A. Hindman* and *Maurice Powell*, for appellant.
*W. H. Honey*, for appellee.

ROBINSON, J.—The verified complaint of relatrix filed August 19, 1901, avers that on the 26th day of July, 1899, she was pregnant with a bastard child, of which appellee was the father; that she filed an affidavit before a justice of the peace, and caused appellee's arrest on such charge; that on that day, with the fraudulent purpose and intent to escape and avoid the prosecution of such action for bastardy, appellee entered into marriage with relatrix; that after such marriage appellee cruelly and inhumanly mistreated relatrix by cursing and beating her, and wholly failed to make any provision for her support, and in November, 1900, without cause, wholly abandoned her, leaving her entirely destitute. Upon a warrant issued appellee was arrested, and at the next term of court answered the complaint in two paragraphs, the first of which was the general denial. The second paragraph alleges that appellee was formerly the husband of relatrix; that in April, 1901, she filed her complaint for a divorce; that a summons was issued and personally served upon appellee; that thereafter appellee was defaulted, the prosecuting attorney filed an

answer to the complaint, the cause was tried, and on June 4, 1901, a decree of divorce was rendered; that since and from that date appellee has not been and is not the husband of relatrix. A demurrer having been overruled to the second paragraph of answer, the first paragraph was withdrawn, and appellant refusing to plead further judgment was rendered in appellee's favor.

The first section of the fraudulent marriage act of 1895, as amended in 1899 (§7298a *et seq.* Burns 1901), provides: "That any male person who being at the time under or liable to a prosecution, either civil or criminal, for seduction or bastardy, fraudulently enters into a marriage with the female who has been seduced or who is the mother of the bastard child, with the intent thereby to escape or avoid such prosecution or the consequences thereof, and who within two years after such marriage, without just cause, shall abandon his wife, or who shall, within such time, cruelly and inhumanly mistreat such wife, or fail and neglect to make reasonable provision for her support, shall be liable to an action for the recovery of a penalty which shall in no case be less than $200." Section two provides that the action shall be instituted "in the name of the State of Indiana on the relation of the wife, but such wife shall not be liable for the costs of the action, as are relators in other cases, except that she have property of a value exceeding $600." By the third section, the action can not be brought after three years from the marriage; and the fourth section relates to the practice in such cases, and makes provision for the release, after a certain time, of a defendant who has been committed to jail for failure to pay or replevy the judgment.

The answer can not be considered a plea in abatement. It may point out the plaintiff's error, but it could not show how this error might be corrected so as to "give the plaintiff a better writ." I Chitty, Pleading (14th Am. ed.), 462; Stephen, Pleading (9th Am. ed.), 352. Moreover, a de-

murrer for want of facts sufficient to constitute a defense
to the action, such as the demurrer here in question, should
be overruled to a plea in abatement which need only state
facts sufficient to abate the action.   *Combs* v. *Union Trust
Co.*, 146 Ind. 688.

It has been held that the relatrix in a bastardy proceed-
ing is not the party plaintiff, and can not have a change of
venue upon her affidavit (*State, ex rel.*, v. *Smith*, 55 Ind.
385), and that the money recovered in such an action is not
for her benefit, but is for the support of the child.   *Ex parte
Haase*, 50 Ind. 149.   It has also been held that the court
may render judgment for such sum as shall be deemed just
where the child dies after the prosecution is commenced,
and before the judgment is rendered.   *Evans* v. *State, ex
rel.*, 58 Ind. 587; *Marshall* v. *Bell*, 1 Ind. App. 506; §1009
Burns 1901.

The statute in question is of like character as the statute
authorizing prosecutions for bastardy, and is wholly reme-
dial.   *Latshaw* v. *State, ex rel.*, 156 Ind. 194.   It is true
the statute says the action shall be instituted in the name
of the State on the relation of the wife.   But as the statute
is "wholly remedial" (*Latshaw* v. *State, ex rel.*, 156 Ind.
194), it should be given a liberal interpretation; and in
construing such a statute, "though it may be in derogation
of the common law,   *  *  *   everything is to be done
in advancement of the remedy that can be done consist-
ently with any fair construction that can be put upon it."
Black, Interp. Laws, 307; *Chicago, etc., R. Co.* v. *Dunn*,
52 Ill. 260, 4 Am. Rep. 606.   "It is a settled rule of con-
struction," said the court in *Murphy* v. *Barlow*, 5 Ind. 230,
"that where a case falls within the mischief to be remedied,
and is clearly embraced by the spirit of the statute, the
statute may be extended, by construction, to embrace it."
And the application of the words of a statute may be en-
larged or restrained to bring the operation of the act within

the intention of the legislature "when violence will not be done by such interpretation of the language of the statute." *Maxwell* v. *Collins,* 8 Ind. 39. See, also, *Brewer* v. *Blougher,* 14 Pet. 178, 10 L. Ed. 408.

Construing the act as a whole according to the above well settled rules, and keeping in view the object sought to be obtained through its enactment, we must conclude that the word wife is used in that section of the act relating to the bringing of the action to designate and identify the person who may sue as relatrix, and was not intended to fix the *status* of the person having the right to sue.

It is well settled that a decree of divorce and for alimony is an adjustment of all property rights between the husband and wife; but it can not be said with any show of reason that the right of action given by this statute is a property right. A suit on the relation of the aggrieved party under this statute presents no question of property rights between the husband and wife. The action grows out of the primary wrong committed and the subsequent fraudulent act of the husband. Thus it is held that where a husband fraudulently induced the wife to join in the execution of a deed, a judgment for alimony recovered by the wife in a suit for divorce after the execution of the deed did not bar an action for its reformation. *Koons* v. *Blanton,* 129 Ind. 383. Moreover, the enforcement of the judgment recovered in no way depends upon the husband's property. The court, in an action for divorce, would have no authority to render a judgment under this statute. Nor can it be said that the suit for divorce was an election of remedies. The doctrine of election can apply only where the remedies are inconsistent. The actions are separate and distinct and depend upon separate and distinct statutes. In the one case the wife is the sole party plaintiff, and in the other she is only the relatrix. Reasoning from the decisions under the bastardy act, we think the State must be considered the real party plaintiff. In 1899 the act was amended by providing that "If the

State, *ex rel.*, *v.* Lannoy.

defendant fail to pay or replevy said judgment, and in default thereof be committed to jail, and upon proof thereof being made to the court, that the defendant has been imprisoned in the jail of the county for one year and that he is unable to pay or replevy the judgment, he may be released from imprisonment by an order of the court, if the judge is of the opinion that the defendant has been sufficiently punished, which order of release shall be entered upon the records of said court." Under this amendment it would seem that the State has an interest in a suit prosecuted under this act, and that it would be against the spirit and purpose of the law to say that the right of action given by the statute is merged in a decree of divorce. Under this act, as under the bastardy act, the State is interested that the father of a bastard child shall contribute to its support.

The purpose of the statute is to give a remedy for a distinct wrong committed. Formerly, the father of the child, when confronted with the charge of bastardy, could escape the consequences of a prosecution by admitting his guilt, marrying the mother, and immediately abandoning her. Through some course of reasoning he was permitted to escape the consequences of one wrong by committing another equally as reprehensible. The statute in question was intended to and does prevent this. The marriage to the mother under such circumstances, followed on his part by such conduct as the statute designates, is declared to be a fraudulent marriage which does not protect him. He is given an opportunity to correct the wrong in so far as it can be corrected through marriage, but when he grossly violates this new obligation he must answer, not simply for a breach of his marital obligations, but for the fraud practiced against the woman he married. The statute expressly provides where the action may be commenced; that the process shall be a warrant; that the practice in such cases as to the execution of the bond, examination by the justice, com-

mitment of the defendant for failure to give bond, trial, judgment, commitment for nonpayment or failure to secure the judgment, execution, and as to all other matters, shall be governed by the laws now in force governing prosecutions for bastardy.    §7298d Burns 1901.

It is manifest from this statute that when the wife, after marriage and before a divorce, brings an action, she is not seeking redress only for the wrong committed against her after the marriage.    She may seek redress for the fraud practiced against the woman who was debauched, not simply a wrong against the wife.    She must bring the action, not in her own name, but as relatrix, precisely as she instituted the proceedings in bastardy.    After he has voluntarily changed a marriage which would have protected him into one which the statute says is fraudulent, he may be prosecuted for the fraud perpetrated.    The damages allowed are not compensation simply for the wrong done at the time of and subsequent to the marriage, but they relate back to the inception of the wrong, the time when he became liable to an action for bastardy, and include the outrage against the woman from its inception.

In his answer he seeks to avoid the facts averred in the complaint.    By not denying, he admits (*Koons* v. *Blanton,* 129 Ind. 383) that the relatrix was pregnant with a bastard child of which he was the father; that with the fraudulent intent of escaping a prosecution for bastardy which had been commenced against him he married the mother, and that afterwards he cruelly and inhumanly mistreated her, by cursing and beating her; that he wholly failed to provide for her support and afterwards, without cause, he left her entirely destitute.    These facts he now seeks to avoid because the relatrix is no longer his wife.    But it can not be said that this marriage contract, fraudulent in its inception and consummation, fixed a necessary *status* for the party suing.    Nor can it be said that the dissolution at her instance of a marriage which was fraudulent can prevent her

obtaining that redress for a wrong which she could have obtained but for the fraudulent conduct of the wrongdoer. Whether as the wife or as the divorced wife, the State brings the action, with her as relatrix, and the damages contemplate the original wrong, as well as the wrong done to the wife. Her marriage, such as it proved to be, to such a person did not remedy any wrong, and the decree of divorce could not compensate her for the injury caused by the original wrongful act. The wrong to the divorced wife is not different in character from the wrong to the wife.

The recovery in such case is an indemnity for the benefit of both the mother and the child, in the event there be a child; otherwise the amount awarded inures to the benefit of the deserted wife. *Latshaw* v. *State, ex rel.,* 156 Ind. 194. It is true it does not affirmatively appear that the child is now living. But it does appear that a prosecution had been commenced against him before the birth of the child, and at the time of the fraudulent act complained of, the law recognizes the child's existence sufficiently to authorize a prosecution for bastardy, and its subsequent death, whether *in utero* or after birth, would not abate or bar the prosecution. *Evans* v. *State, ex rel.,* 58 Ind. 587; §1009 Burns 1901.

The statute is wholly remedial, and plainly intends to give redress for a fraud practiced for the purpose of escaping a liability. The wrong to the woman upon whom this fraud was practiced was not merged into the decree of divorce. It was not so much in behalf of the wife, as in behalf of the person who had been wronged, that the statute has given a remedy.

The demurrer to the second paragraph of answer should have been sustained. Judgment reversed.