State *v.* Katzman.

## THE STATE *v.* KATZMAN.

[No. 20,171.   Filed December 11, 1903.]

CRIMINAL LAW.—*Information.*—*Plea in Abatement.*—The question of the right to prosecute by information may be raised by plea in abatement. *p. 505.*

SAME.—*Information.*—*Form of Plea in Abatement.*—In a prosecution by information, the proper form of a demurrer to a plea in abatement is that the plea does not state facts sufficient to quash the information. A demurrer for the reason that "the facts stated are not sufficient to constitute a plea in abatement" presents no proper ground of objection to the plea. *pp. 505, 506.*

From Tippecanoe Circuit Court; *R. P. DeHart,* Judge.

Information against George Katzman for malicious mayhem. From a judgment entered on defendant's plea in abatement after overruling a demurrer thereto, the State appeals. *Affirmed.*

*E. D. Randolph*, for State.
*C. E. Thompson*, for appellee.

DOWLING, J.—An information was filed in the Tippecanoe Circuit Court by the prosecuting attorney of that county, charging the appellee with the crime of malicious mayhem. The appellee filed a plea in abatement of the information on the ground that the grand jury of the county had previously investigated the occurrence, and had returned an indictment against the appellee for simple mayhem, which was still pending in said court, etc. A demurrer to the plea was filed by the prosecuting attorney, and the objection thereto was stated to be that "the facts stated are not sufficient to constitute a plea in abatement." The demurrer was overruled, judgment was rendered upon the plea, and the State appeals upon the reserved question of law.

It has been held that the question of the right to prosecute by information may be raised by plea in abatement. *Nichols* v. *State*, 127 Ind. 406, 413; *Hobbs* v. *State*, 133 Ind. 404; *Lankford* v. *State*, 144 Ind. 428.

There is no express provision in the criminal code for a demurrer, but such pleading has been recognized as proper in numerous cases. The general rules governing demurrers in civil actions, and the form of that pleading, have been held applicable. It is provided in the civil code that "Where the facts stated in any paragraph of the answer are not sufficient to constitute a cause of defense, the plaintiff may demur to it under the rules prescribed for demurring to a complaint." §349 Burns 1901. The approved form of a demurrer to a plea in abatement is that the plea does not state facts sufficient to quash the complaint or writ. In a criminal cause, the proper form would be that the plea did not state facts sufficient to quash the indictment, information, or writ, or to abate the action. 1 Chitty, Pleading (16th Am. ed.), *698.

It is never proper to allege that a pleading does not state facts sufficient to constitute a complaint, an answer, or a reply. *Pine Civil Tp.* v. *Huber Mfg. Co.*, 83 Ind. 121; *Grubbs* v. *King*, 117 Ind. 243; *Firestone* v. *Werner*, 1 Ind. App. 293.

The supposed demurrer did not present any proper ground of objection to the answer in abatement, and no question of law could be reserved upon the decision of the court overruling it. Judgment affirmed.