## THE STATE v. ROBERTS.

166     585
f170     71

[No. 20,753.   Filed May 29, 1906.]

1. PLEADING.—*Answer.*—*Abatement.*—*Demurrer to Plea.*—*Form.* —A demurrer to a plea in abatement for the reason that such plea does not state facts sufficient to abate the action is good. p. 588.

2. APPEAL AND ERROR.—*Briefs.*—Where the only question on appeal is whether the State is precluded from prosecuting except by indictment, a statement in appellant's brief that the defendant was charged with assault and battery with intent to murder is sufficient to present the question, no denial being made that the charge was sufficient.   p. 589.

3. PLEADING.—*Insufficient Complaint.*—*Insufficient Plea in Abatement.*—*Demurrer.*—*Rule.*—The rule that an insufficient answer is good enough for a defective complaint is not applicable to a plea in abatement, since a demurrer to such plea does not search the record.   p. 589.

4. CRIMINAL LAW.—*Assault and Battery with Intent.*—*Assault and Battery.*—*Conviction for.*—*Abatement.*—A conviction for an assault and battery is no defense nor ground of abatement to a charge of assault and battery with intent to murder.   p. 589.

5. SAME.—*Indictment and Information.*—*Grand Jury.*—*Information During Term, but After Discharge of.*—A defendant may be prosecuted for assault and battery with felonious intent by information filed during the term to which the defendant was recognized, though the grand jury for such term had indicted him for assault and battery, the grand jury having adjourned before the filing of such information.   p. 590.

6. SAME.—*Information.*—*Public Policy.*—The tendency of our Constitution and laws is to lessen the work and necessity for the grand jury, and a liberal construction is placed upon statutes providing for prosecutions by information.   p. 591.

From Fayette Circuit Court; *George L. Gray,* Judge.

Prosecution by the State of Indiana against George Roberts. From a judgment overruling the State's de-

murrer to defendant's plea in abatement and discharging defendant, the State appeals. *Reversed.*

*Charles W. Miller,* Attorney-General, *Robert E. Barnhart, Allen Wiles* and *Reuben Conner,* for the State.

*McKee, Little & Frost,* for appellee.

MONTGOMERY, J.—Appellee was charged by affidavit and information with assault and battery with intent to murder. He filed a plea in abatement to the charge, and the State's demurrer thereto, for want of facts to avoid and abate the action, was overruled. An exception to the ruling was reserved as a point of law for the decision of this court; and, the State declining to plead further, appellee was discharged.

The answer in abatement, omitting the caption, is as follows: "Comes now George Roberts, the defendant in the above-entitled cause, and, for answer by way of abatement to the affidavit and information in the above-entitled cause, says the offense referred to in said affidavit and information, if any was committed, was committed on November 22, 1904, at the county of Fayette, in the State of Indiana; that on November 22, 1904, John L. Hubbell filed an affidavit before Finley H. Gray, the mayor of the city of Connersville, in said county, charging this defendant with the identical offense which is set forth in the affidavit and information in this cause, and that said mayor, upon the filing of said affidavit before him, issued a warrant for the arrest of this defendant upon said charge, and that he was arrested under said warrant and brought before said mayor on said charge; that said mayor recognized this defendant to appear at the first day of the then next term of the Fayette Circuit Court, to answer to said charge, and that this defendant gave bond in the sum of $1,000, to secure his appearance at the then next term of said court; that the then next term of the Fayette Circuit Court convened in said county of Fayette, in the State of Indiana,

on December 19, 1904, and that on said day the grand jury of said court was regularly impaneled and entered upon the discharge of its duties as such grand jury, and continued its sessions as such until December 27, 1904, at which time it adjourned, and the members thereof were discharged for said term; that while so in session said grand jury examined into the alleged offense for which this defendant had been bound over to answer, and on December 27, 1904, returned in open court an indictment against this defendant, charging him with the offense of assault and battery upon Uriah M. Ranck, and that said charge was founded upon the identical facts alleged in said affidavit which had heretofore been filed before the mayor of the city of Connersville, and upon which this defendant had been recognized to appear before the Fayette Circuit Court; that said indictment for assault and battery, which was so returned by said grand jury, is now pending and undisposed of in said Fayette Circuit Court, this defendant having been arrested on said charge, and he is now under recognizance in said Fayette Circuit Court to answer said charge, and said indictment has not been quashed and no trial of said cause has ever been had, and no other or different indictment has ever been returned against this defendant for the offense alleged to have been committed in said indictment, nor upon the charge contained in said affidavit and information; that the affidavit and information in said cause No. 709, in which this answer is filed, were filed in the Fayette Circuit Court on December 30, 1904, after he, the defendant, had been arrested and had given bail to answer to said indictment, and when said grand jury was not in session, and after the same had been discharged, and when this defendant was not in custody, nor on bail, on the charge set forth in said affidavit and information, and said defendant further says that the facts embraced in said affidavit and information are the same

upon which said indictment was returned, and not other or different, and that the prosecuting attorney and said Uriah M. Ranck, who made the affidavit upon which such information is founded, are attempting by means of said affidavit and information to prosecute this defendant upon a charge of felony in a cause which has already been investigated, as heretofore shown, by a grand jury having full jurisdiction of said matter, and an offense which is alleged to have been committed and where said grand jury has returned an indictment, as aforesaid, charging this defendant with a simple assault and battery. Wherefore defendant says that he ought not to be held to answer any further the charge in said affidavit and information contained, and he prays that the same now abate."

The demurrer of the State was upon the grounds that said plea in abatement did not state facts sufficient (1) to avoid the affidavit and information, and (2) to abate the cause of action stated therein. It is insisted by appellee's counsel that the demurrer was so defective in form as to justify the court in overruling it. Many cases are cited exhibiting instances in which general demurrers to answers in bar were held bad under §349 Burns 1901, §346 R. S. 1881. In the case of *Bryan* v. *Scholl* (1887), 109 Ind. 367, it was held by this court that a demurrer to a plea in abatement for want of facts in the language of §349, *supra,* was good. This holding was impliedly overruled by a contrary decision in the case of *Combs* v. *Union Trust Co.* (1897), 146 Ind. 688, 690, wherein it was said: "The ground of objection to the answer in abatement, stated in the demurrer, was that it did not state facts sufficient to constitute a defense. An answer in abatement is not required to state facts sufficient to constitute a defense to the action, it is sufficient if it states facts sufficient to abate the action. The demurrer did not present this question, and was therefore properly overruled." In *Rush* v. *Foos Mfg. Co.* (1898), 20 Ind. App.

515, a demurrer for want of facts to abate the action was treated as good. The section of the statute above referred to relates wholly to answers in bar, and the form of demurrers to pleas in abatement is nowhere prescribed. In our opinion a demurrer to a plea of answer in abatement for the reason that the same does not state facts sufficient to abate the action is good. The second specification of the demurrer in this case substantially conforms to this requirement, and is sufficient.

It is further contended that a mere statement in appellant's brief that, by affidavit and information in the usual form, appellee was charged with assault and battery 2. with intent to murder, is not a sufficient compliance with our rule governing the preparation of briefs. The sufficiency of the affidavit and information upon the facts therein contained is not involved in this appeal. It is not disputed that the substance and form of the charge against appellee were as represented by appellant, and no useful purpose would have been subserved by setting out the same in full in appellant's brief. The answer in abatement does not purport to deny that the facts contained in the charge are sufficient to constitute a public offense, but only that the State is precluded from prosecuting such offense except by indictment. The rule that a bad answer is sufficient for a bad complaint, urged by appellee's 3. counsel, is not applicable, as a demurrer to an answer in abatement does not search the record. *Indiana, etc., R. Co.* v. *Foster* (1886), 107 Ind. 430; *Price* v. *Grand Rapids, etc., R. Co.* (1862), 18 Ind. 137; *Rush* v. *Foos Mfg. Co., supra;* 6 Ency. Pl. and Pr., 332.

Appellee's counsel rely upon the case of *State* v. *Boswell* (1886), 104 Ind. 541, to sustain the action of the lower court in upholding their plea in abatement. It is 4. admitted that the Boswell case was in terms overruled in the decision of *Langford* v. *State* (1895), 144 Ind. 428, but it is claimed that the overruling of the

former case was not necessary to a decision of the latter, and that the reasoning of the Bosewell case remains unanswered. A conviction of an assault and battery is no defense to a prosecution for an assault and battery with felonious intent based upon the same transaction. *State* v. *Hattabough* (1879), 66 Ind. 223. It necessarily follows that the pendency of a prosecution for the misdemeanor will not afford ground to abate a proper prosecution of the charge of felonious assault and battery predicated upon the same facts.

Appellee's answer in abatement does not proceed upon this theory, but presents the one question, whether an accused person, held to answer a charge of assault and 5. battery with felonious intent, can be prosecuted for that offense by information filed after an investigation by a grand jury and the return of an indictment for a simple assault and battery, where such information is filed after the discharge of the grand jury and during the term to which the accused was recognized.

That part of the statute of criminal procedure applicable to the facts of this case reads as follows: "All public offenses, except treason and murder, may be prosecuted in the circuit and criminal courts by information based upon affidavit in the following cases: * * * Fourth. Whenever a public offense has been committed, and the party charged with the offense is not already under indictment therefor, and the court is in session, and the grand jury has been discharged for the term." §1748 Burns 1901, §1679 R. S. 1881. The conflict in our decisions upon the proper construction of this statute suggests the propriety of a brief reference to the history of legislation upon this subject. Section 12, article 1, of the Constitution of 1816 provided: "That no person * * * shall * * * be put to answer any criminal charge, but by presentment, indictment or impeachment." The statutes enacted during the continuance of that constitutional provision required a

grand jury to consist of not less than twelve nor more than eighteen members, and no man could be prosecuted for a felony until at least twelve of the grand jurors had agreed upon the presentment of a bill. This provision was wholly omitted from the Constitution of 1851, and in lieu thereof it was declared: "The General Assembly may modify or abolish the grand jury system." Const., Art. 7, §17. In the revision of the statutes it was provided that the grand jury should consist of twelve members. 2 R. S. 1852, p. 387. An indictment could be found by any nine of such grand jurors. Provision was also made for the prosecution of offenses not within the jurisdiction of the grand jury upon information filed by the prosecuting attorney. 2 R. S. 1852, p. 363. Various statutes were subsequently enacted prescribing the time and limiting the term of sessions of the grand jury, and authorizing the court to adjourn such jury at any time in his discretion. The number of grand jurors was reduced to six, and the concurrence of five was made sufficient for the return of an indictment. Acts 1875 (s. s.), p. 54. The authority to prosecute by information was further enlarged in 1879 (Acts 1879, p. 143); and again in 1881 (Acts 1881, p. 114, §106). While not material in the decision of the question before us, it may be instructive to note that under the present statutes "all public offenses, except treason and murder, may be prosecuted in the circuit or criminal court, by affidavit filed in term time, in all cases except when the grand jury is in session or a prosecution by indictment or affidavit for the same offense is pending at the time of the filing of such affidavit." Acts 1905, p. 584, §118, §1759 Burns 1905.

The grand jury system having been in a measure discredited by the fundamental law of our State, and its abolition authorized at any time since 1851, in the discretion of the legislature, it cannot with propriety be said that prosecutions by information are contrary to the policy of our laws. The people having spoken

by the constitutional provision quoted, that becomes the chart for our guidance, and statutes enacted in pursuance thereof are not to be strictly construed upon the principle that they are in derogation of the common law. It is provided in the civil code: "The provisions of this act shall be liberally construed, and shall not be limited by any rules of strict construction." §1312 Burns 1901, §1288 R. S. 1881. It is further provided by §241 Burns 1901, §241 R. S. 1881: "The foregoing rules of construction and definitions of terms shall be in addition to, and part of, those adopted in the code of civil practice, and, together with those, shall apply to all statutes or acts of the legislature." The manifest purpose of these various statutes is to invoke from the judiciary a liberal construction in the interpretation of all reformatory and remedial legislation. This rule should be adopted to give efficiency to remedial statutes in the absence of specific direction. A technical judiciary, acting upon any other principle, and clinging blindly to the letter, in disregard of the spirit of a statute, would seriously retard, if not wholly defeat, the most useful and needed reforms. The brief historical reference above given shows the waning power of the grand jury and a corresponding increase of authority in the prosecuting attorney in the institution and maintenance of criminal charges. Looking both to the letter and the spirit of the statute under consideration, we are of opinion that the prosecution of appellee by information, upon the facts shown in his answer, was authorized, and that appellant's demurrer thereto should have been sustained.

The judgment is reversed, with directions to sustain the demurrer to appellee's answer in abatement, and for further proceedings.