## MINNICH v. PACKARD.

[No. 6,208. Filed October 14, 1908.]

1. PLEADING.—*Plea in Abatement.—Demurrer to.—Form.*—A demurrer to a plea in abatement in form: "Plaintiff demurs to defendant's answer of abatement on the ground that said answer does not state facts sufficient to constitute a cause why plaintiff should not be allowed to prosecute this action in this court," is insufficient, and presents no question. p. 372.

2. PROCESS.—*Summons.—Nonresidents.—Attendance at Court.—Statutes.*—A nonresident who came into this State for the purpose of attending a trial cannot, while on such mission, be properly served with a summons in an action filed against him in this State, §315 Burns 1908, §312 R. S. 1881, not applying in such a case. p. 373.

3. STATUTES.—*Parts of a System.—Construction.*—Section 315 Burns 1908, §312 R. S. 1881, providing for the service of a summons upon a nonresident while in this State must be construed with other statutes of which it forms a part. p. 374.

From Huntington Circuit Court; *James C. Branyan,* Judge.

Action by John Minnich against Mark Packard. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*James M. Hatfield,* for appellant.

*J. B. Kenner, C. K. Lucas* and *Sumner Kenner,* for appellee.

WATSON, J.—To the complaint in this cause appellee appeared specially and filed an answer in abatement, denying the jurisdiction of the court, alleging that he was a resident of the city of Buffalo, state of New York; that he came to Huntington, Indiana, for the sole purpose of prosecuting an action in replevin, brought by himself against said appellant in the Huntington Circuit Court, and to testify in his own behalf in said cause; that his presence was necessary on the trial of said cause; that during the progress of said trial, and while he was in the courtroom, appellant filed his complaint in this cause, and caused summons to be issued and

served on appellee; that the answer in said first cause, wherein appellee was plaintiff and appellant was defendant, was so drawn that it would require appellee to attend the trial thereof. Issues were joined thereon, and the cause submitted to a jury. The jury, with its general verdict, returned answers to interrogatories submitted to it.

The errors assigned were: (1) Overruling the demurrer to appellee's answer in abatement; (2) overruling appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict; (3) overruling appellant's motion for a new trial.

To appellee's plea in abatement appellant filed his demurrer, which, omitting the caption, is as follows: "Plaintiff demurs to defendant's answer of abatement on the 1. ground that said answer does not state facts sufficient to constitute a cause why plaintiff should not be allowed to prosecute this action in this court." It is insisted that the demurrer is not in proper form, and therefore presents no question as to the sufficiency of the answer. Section 351 Burns 1908, §346 R. S. 1881, provides: "Where the facts stated in any paragraph of the answer are not sufficient to constitute a cause of defense, the plaintiff may demur to it under the rules prescribed for demurring to a complaint."

In *Reed* v. *Higgins* (1882), 86 Ind. 143, the demurrer was that the plaintiffs "separately and severally demur to the second, third and fourth paragraphs of defendant's answer herein, and for grounds of demurrer say that neither of said paragraphs constitutes any defense to this action." Held, the demurrer was insufficient.

In *Thomas* v. *Goodwine* (1882), 88 Ind. 458, the demurrer to the first paragraph of answer was for the following cause: "Because said defendant's answer does not state facts sufficient to constitute an answer to plaintiff's complaint." Held, insufficient.

In *Winlrode* v. *Renbarger* (1898), 150 Ind. 556, the demurrer was for the reason that facts were not stated "sufficient to constitute a good answer to the complaint of the plaintiff." The demurrer was held bad.

A demurrer to a plea in abatement is sufficient in form if it alleges that the answer does not state facts sufficient to abate the action, or state facts sufficient to constitute a defense. *State* v. *Roberts* (1906), 166 Ind. 585. The demurrer in this case does not present any question. *City of Tell City* v. *Bielefeld* (1898), 20 Ind. App. 1; *Flanagan* v. *Reitemier* (1901), 26 Ind. App. 243; *Oglebay* v. *Tippecanoe Loan, etc., Co.* (1908), 41 Ind. App. 481; *State* v. *Katzman* (1903), 161 Ind. 504. The court, therefore, committed no error in overruling the appellant's demurrer to the answer in this cause.

The motion for a new trial is asked on the ground that the verdict is contrary to law and not sustained by sufficient evidence; also error is predicated on the giving of instructions one and two requested by appellee. At the last analysis the vital question for our determination is whether

2. a person attending the trial of a cause, where he was an interested party, in a jurisdiction other than that of his residence, is privileged from the service of a summons during the necessary time required in going to, while attending, and returning from, the trial of said cause.

This question vitally concerns the free and unhampered administration of the courts of the land. That suitors as well as witnesses should feel free at all times to attend judicial proceedings outside their own jurisdiction, which necessarily require their presence, without being held to answer in some other outside jurisdiction an adverse judicial proceeding against them, is a rule of public policy that has been almost universally recognized wherever the common law is administered. *Wilson* v. *Donaldson* (1889), 117 Ind. 356, 3 L. R. A. 266, 10 Am. St. 48, and cases cited; *Edward Thomp-*

son's Case (1877), 122 Mass. 428, 23 Am. Rep. 370; Halsey v. Stewart (1817), 4 N. J. L. 420; Letherby v. Shaver (1889), 73 Mich. 500, 41 N. W. 677; First Nat. Bank, etc., v. Ames (1888), 39 Minn. 179, 39 N. W. 308; Andrews v. Lembeck (1888), 46 Ohio St. 38, 18 N. E. 483, 15 Am. St. 547; Matthews v. Tufts (1882), 87 N. Y. 568; 1 Greenleaf, Evidence (16th ed.), §316; Person v. Grier (1876), 66 N. Y. 124, 23 Am. Rep. 35.

In Matthews v. Tufts, supra, the court said: "This immunity does not depend upon statutory provisions." The court in Lamkin v. Starkey (1876), 7 Hun 479, said, in substance: The court has power, independently of the statute, to protect its officers, suitors and witnesses from the molestation by means of process from the court; this special protection is afforded for the sake of public justice.

In instructions one and two, complained of by appellant, the court told the jury, in substance, that if the appellee established his residence in the state of New York, and came into this State to look after the cause wherein he was interested, and to testify as a witness, he was privileged from the service of a summons during the time he was necessarily in the State for the purpose of attending and returning from said trial. We think these instructions correctly stated the law. We are not unmindful of our statute which provides that in cases of nonresidents an action may be commenced and summons served on them in any county where they may be found. §315 Burns 1908, §312 R. S. 1881.

This section is not to be construed standing alone. In the case of Wilson v. Donaldson, supra, the court said: "But a statute is not to be isolated from the great body of law of which it forms a part; on the contrary, it is to be taken as forming part of one great system, and is to be construed with reference to coördinate rules and statutes."

We therefore hold that a party coming into the State, as appellee did for the purpose of testifying as a witness in his

own behalf in a cause wherein he was a party, is privileged from the service of summons, and our statute before referred to does not apply in such cases.

Judgment affirmed.