## STATE OF INDIANA v. TAM.

[No. 22,177. Filed October 9, 1912.]

1. CRIMINAL LAW.—*Plea in Abatement.—Demurrer.—Sufficiency of Demurrer.*—A demurrer to a plea in abatement in a criminal action, on the ground that the plea did not state facts sufficient to constitute a defense to the action, was properly overruled,

since a plea in abatement need not allege facts sufficient to constitute a defense to the action and is good if it states facts which will abate the action. p. 314.

2. CRIMINAL LAW.—*Demurrer to Plea in Abatement.—Form.*—The proper form for a demurrer to a plea in abatement in a criminal cause is that the plea does not state facts sufficient to quash the indictment, information or writ, or to abate the action. p. 315.

From Cass Circuit Court, *John S. Lairy,* Judge.

Prosecution by the State of Indiana against Robert S. Tam. From a judgment for defendant, the State appeals. *Affirmed.*

*Thomas M. Honan,* Attorney-General, *Michael L. Fansler* and *Walter W. Foskett,* for the State.

*Oscar B. Conans, Long, Yarlott & Souder,* for appellee.

Cox, C. J.—By indictment in the lower court, the State charged appellee with oppressive garnishment, a misdemeanor defined by §§663, 664 of the criminal code (Acts 1905 p. 584, §§2668, 2669 Burns 1908). To this indictment appellee pleaded in abatement facts intended to show that the indictment was returned by the grand jury on evidence which he was required to give against himself before that body. A demurrer addressed to this plea by the State was overruled by the trial court, and the only error assigned in this appeal by the State is that the court committed error in so ruling.

To meet the State's assignment of error, appellee first contends that the demurrer of the State is insufficient in form to challenge the sufficiency of the plea in abatement. As this contention must prevail, the grounds on which the plea is assailed by the State and supported by appellee will not be considered.

The ground of the demurrer addressed by the prosecuting attorney to the plea in abatement was that it did not allege sufficient facts to constitute a defense to the action.

1. The court did not err in overruling the demurrer to the plea, for an answer in abatement is not required

to state facts sufficient to constitute a defense to the action; it is good if it states facts which will abate the action. *Combs* v. *Union Trust Co.* (1897), 146 Ind. 688, 46 N. E. 16; *State* v. *Roberts* (1906), 166 Ind. 585, 77 N. E. 1093; *Kunkle* v. *Coleman* (1910), 174 Ind. 315, 92 N. E. 61; *State, ex rel.,* v. *Lannoy* (1903), 30 Ind. App. 335, 337, 65 N. E. 1052.

The approved form of a demurrer to a plea in abatement in a civil action is that the plea does not state facts sufficient to quash the complaint or writ. In a criminal cause 2. the proper form is that the plea does not state facts sufficient to quash the indictment, information or writ, or to abate the action. *State* v. *Katzman* (1903), 161 Ind. 504, 69 N. E. 157; *State* v. *Roberts, supra.*

It follows that error is not made to appear, and the judgment is affirmed.

NOTE.—Reported in 99 N. E. 424. See, also, under (1) 12 Cyc. 355; (2) 1913 Cyc. Ann. 1335. As to the crime of embezzlement, see 87 Am. St. 19; 98 Am. Dec. 126.