PATTIE v. STATE OF INDIANA, EX REL. BENNETT, SUPERINTENDENT.

[No. 11,042.    Filed March 30, 1921.]

1. DRAINS.—Contractor's Failure to Complete Work.—Action on Bond.—Answer in Abatement.—Sufficiency.—Completion of Work by Another.—In an action against a drainage contractor on a bond given by him to secure the execution of a contract for the construction of a drain, where the complaint alleged that the work covered by defendant's contract was relet to another and completed, answers in abatement which failed to deny such allegation were insufficient, although averring that defendant was given an indefinite extension of time to complete his contract for the reason that water accumulating from heavy rains combined with plaintiff's failure to have other portions of the drain excavated made it impossible to continue the

work, since, it being impossible for defendant to perform, his liability on the bond must be determined from the facts as they existed at the time the action was commenced. p. 237.

2. APPEAL.—*Review.*—*Harmless Error.*—*Sustaining Defective Demurrer to Insufficient Pleading.*—Sustaining a demurrer defective in form to an insufficient pleading is harmless error. p. 238.

3. JURY.—*Right to Trial by Jury.*—*Action on Bond Given by Drainage Contractor.*—*Statutes.*—In an action against a drainage contractor on his bond given pursuant to §6144 Burns 1914, Acts 1907, p. 508, to secure the execution of a contract for the construction of a drain, the obligee being the State of Indiana, and the bond being otherwise in usual form, defendant has a right to trial by jury under Art. 1, §20 of the Constitution (§65 Burns 1914), providing that in all civil cases the right to trial by jury shall remain inviolate, notwithstanding §6143 Burns 1914, Acts 1907 p. 508, providing that in all trials in the circuit court which are provided for in the drainage act shall be by the court, such section relating only to such actions arising in, or growing out of, drainage proceedings as are purely statutory. pp. 238, 239.

4. STATUTES.—*Construction.*—*Presumption.*—*Constitutionality.*— It will be presumed, in construing a statute, that the legislature did not intend to violate the Constitution in its enactment. p. 239.

5. JURY.—*Right to Trial by Jury.*—*Power of Legislature to Abridge.*—*Action on Penal Bonds.*—*Constitutional Provisions.* Actions on penal bonds for a mere breach thereof were civil actions under the common law when the Constitution of Indiana was adopted, and therefore triable by jury, so that such right was preserved by the Constitution (Art. 1 §20, §65 Burns 1914), and cannot be taken away by the legislature. p. 239.

From Posey Circuit Court; *Herdis F. Clements,* Judge.

Action by the State of Indiana, on the relation of Hilbert Bennett, superintendent of construction, etc., against James O. Pattie. From a judgment for relator, the defendant appeals. *Reversed.*

*Elbert M. Swan, William C. Mason* and *Arch Stevenson,* for appellant.

*William A. McCullough, William M. Smith* and *Benjamin F. Smith,* for appellee.

BATMAN, J.—Appellee commenced this action to recover on a bond alleged to have been executed by appellant to secure the performance of a contract for the construction of a portion of a certain drain. The complaint is in a single paragraph and alleges the establishment of such drain, the relator's appointment as superintendent of construction, the awarding of a portion of the work to appellant, his execution of a contract therefor, and the bond in suit to secure the performance thereof, a breach of the same, by failing to complete the portion of the drain covered by his contract according to the terms thereof, and, within the time specified therein, the annulment of his contract, and the completion of the work specified therein by another to whom such work was relet. It is alleged that by reason of such facts said relator, as such superintendent of construction, sustained damages in the sum of $1,250 for which he demands judgment. The contract and the bond are parts of the complaint as exhibits. To this complaint appellant filed an answer in abatement in two paragraphs. The first alleges that, at the time of the execution of the drainage contract mentioned in the complaint, contracts were entered into by appellee with other parties for the construction of certain portions of the drain lying immediately below that part thereof covered by his contract, and all of which were to be completed prior to the time specified for the completion of the work awarded to him; that upon the execution of the contract and the bond in question he proceeded at once with the work, and within the time specified excavated 1,500 cubic yards of earth and was proceeding with its completion when heavy rains set in, which filled said drain with water; that the portions of the drain lying immediately below that portion thereof covered by his contract had not been completed so that the water which accumulated above could flow

out, and as a result a standing pool was formed in that portion of said drain excavated by him in pursuance of his said contract; that he notified the relator of said facts and of his inability to complete his contract until an outlet for the water was had by the completion of the portions of the drain lying immediately below; .that said relator "thereupon extended the time indefinitely to this defendant, or until said contracts were sufficiently advanced to permit the water to flow therefrom, for the completion of said part of said drain, as set out in the contract and complaint herein," but the relator failed to have the parts of the drain constructed so as to permit the water to flow from his part of the drain; . that he has never been notified to appear and show why his contract should not be annulled for a failure to comply with its terms and conditions; that it has never been revoked by any court of competent jurisdiction, but remains in full force; and that he has stood ready and willing at all times to proceed with said work, and to complete the same. The second paragraph of appellee's answer in abatement is substantially the same as the first, except that it makes no reference to any extension of time for the completion of said work. It alleges that the filling with water of that portion of the drain which he had excavated was an act of God, and that the pretended annulment of his said contract and the reletting of the work covered thereby were without authority of right, and therefore illegal and wrongful, because the same was done without any notice to him, without his knowledge or consent, and without any order of court. Appellee filed a separate demurrer to each paragraph of said answer in abatement, which the court sustained. Appellant then filed an answer consisting of a general denial and six affirmative paragraphs. Issues were duly joined on said last named paragraphs by a reply in general denial. Appellant de-

manded a jury for the trial of the cause, which was refused, and, after a trial by the court, a finding was made in favor of appellee on which judgment was duly rendered.   A motion for a new trial was filed and over-ruled, and appellant is now prosecuting this appeal on an assignment of errors which requires a consideration of the questions hereinafter determined.

Appellant contends that the court erred in sustaining appellee's demurrers to each paragraph of his answer in abatement.   We cannot concur in this conten-

1.   tion.   The complaint alleges that the work covered by appellant's contract was relet to another, and that the same has been completed.   This fact is not denied in either paragraph of the answer in abatement.   It follows that appellant cannot now perform any portion of the work in question, and whether or not he is liable on his bond for a failure to complete it must be determined from the facts as they now exist and not from anything that may hereafter transpire. This is true, although the act of God in sending the rain may have combined with the failure of the relator to have other portions of the drain excavated, and thereby interfered with the completion of his contract, and by reason of such fact appellant may have been given an extension of time as alleged.   The facts stated in each of said paragraphs fall far short of showing any ground for an abatement of the action, and therefore the court did not err in its rulings on said demurrers.   Appellant contends, however, that appellee's demurrers are not in proper form to raise any question as to the sufficiency of either paragraph of his answer in abatement.   The courts have frequently given an approved form for a demurrer to an answer in abatement, which it would be well to follow.   *Combs* v. *Union, etc., Co.* (1897), 146 Ind. 688, 46 N. E. 16; *State* v. *Roberts* (1906), 166 Ind. 585, 77 N. E. 1093; *State* v. *Tam* (1912), 178 Ind. 313,

99 N. E. 424; *State* v. *Lannoy* (1903), 30 Ind. App. 335, 65 N. E. 1052. But we need not pass upon the particular form before us, since the sustaining of a demurrer defective in form to an insufficient pleading is a harmless error. *Fender* v. *Phillips* (1915), 59 Ind. App. 85, 108 N. E. 971; *Eickmier* v. *Geddes* (1920), 73 Ind. App. 167, 126 N. E. 859.

The only other error on which appellant relies for a reversal is based on the action of the court in denying his request for a trial by jury. It will be observed that this action is on a bond executed by appellant as a contractor pursuant to §5 of the drainage act of 1907 (Acts 1907 p. 508, §6140 *et seq.* Burns 1914), being §6144 Burns 1914. The obligee is the State of Indiana, and it is otherwise in the usual form of such instruments. On first impression it would appear, that a right of trial by jury in an action thereon could be rightfully demanded, but appellee contends that the following provision, found in §4 of said act, being §6143 Burns 1914, *supra,* viz.: "In all cases of appeal tried in the circuit court, and in all trials in that court, provided for in this act, the trial shall be by the court, without a jury," applies to actions on such a bond, and precludes a trial by jury. We cannot give this provision the broad application for which appellee contends, as we are clearly of the opinion that it only relates to such actions as arise in, or grow out of, drainage proceedings, that are purely statutory. Hearings on petitions, reports and remonstrances filed in such proceedings, instituted in circuit and superior courts, as provided in §3 of said act, being §6142 Burns 1914, *supra,* and on appeals to such courts, where such proceedings are instituted before boards of county commissioners, as provided by §17 of said act, being §6151 Burns 1914, *supra,* are of such a character. The drainage act in question (Acts 1907 p. 508, *supra*), contains

a number of provisions requiring the execution of penal bonds, payable to the State of Indiana, by persons connected with proceedings thereunder. At least one such provision may be found in each of the first five sections of said act, being §§6140-6144 Burns 1914, *supra*, inclusive. To hold that the above provision, relating to trials without a jury, applies to actions on such bonds would be to attribute to the legislature an intention to violate §20 of Art. 1 of the Constitution, which provides that, in all civil cases, the right of trial by jury shall remain inviolate. This we may not do, under the settled rules relating to statutory construction. *Cain* v. *Allen* (1906), 168 Ind. 8, 79 N. E. 201, 79 N. E. 896; *Hanly* v. *Sims* (1910), 175 Ind. 345, 93 N. E. 228, 94 N. E. 401; *State* v. *Louisville, etc., R. Co.* (1911), 177 Ind. 553, 96 N. E. 340, Ann. Cas. 1914D 1284. But appellee contends that a proceeding under the Drainage Act is a special statutory procedure in which a trial by jury may be denied, and cites a number of cases in support of such contention. It should be noted that actions on penal bonds for a mere breach thereof was a civil action under the common law when the Constitution was adopted, and therefore triable by jury. *Galway* v. *State* (1884), 93 Ind. 161. This being true, such right was preserved by the Constitution and cannot be taken away by legislative enactment. *Lake Erie, etc., R. Co.* v. *Heath* (1857), 9 Ind. 558; *McMahan* v. *Works* (1880), 72 Ind. 19; *Anderson* v. *Caldwell* (1883), 91 Ind. 451, 46 Am. Rep. 613; *Wright* v. *Fultz* (1894), 138 Ind. 594, 38 N. E. 175. It is no doubt true, as appellee contends, that in purely statutory proceedings a trial by jury may be denied, but the fact that a bond was executed in pursuance of a statute does not change the common-law remedy for its enforcement into a statutory one, and this is true although a right of action is thereby con-

ferred on one not otherwise entitled thereto. An examination of the cases cited discloses that they do not support appellee's contention, as none involve a common-law action, but relate to proceedings which are purely statutory, such as hearings on remonstrances and enforcing assessments in drainage proceedings, actions for divorce, etc.

We therefore conclude that the court committed reversible error in denying appellant's request for a trial by jury. The judgment is reversed, with directions to sustain apellant's motion for a new trial and for further proceedings consistent with this opinion.