### JONES *v.* EVANOFF

[No. 17,188.   Filed January 11, 1944.]

*Cecil A. McCoy,* of Fort Wayne, for appellant.

*Fred Berkes* and *James D. Sturgis,* both of Fort Wayne, for appellee.

ROYSE, P. J.—Appellee brought this action for posses-session of certain real estate which had been leased by her to appellant. The complaint alleges, in substance, that appellee was the owner of the real estate and that by parol contract she leased it to appellant at a monthly rental of $19.25; that it was agreed at the time said lease was entered into that appellee should have the

right to enter the premises at all reasonable times for the purpose of showing them to prospective purchasers; that appellant violated the terms of this lease by refusing appellee the right to enter said premises for said purposes. Affidavit for possession was filed and order thereon issued.

To this complaint appellant filed his verified plea in abatement on the ground that the complaint showed on its face that the relation of landlord and tenant existed between the parties; that he was peaceably let in possession thereof by appellee, and that no agreement or order or judgment of court had been entered whereby the relationship of landlord and tenant had been terminated; that appellee's action had been brought without notice or demand for possession; that therefore the action should abate.

Appellee filed her motion to strike the plea in abatement from the record, which motion was sustained by the trial court. Appellant refused to plead further and judgment was entered against him.

The only error assigned here is the ruling of the trial court in sustaining appellee's motion to strike the plea in abatement from the files.

When a plea in abatement does not state facts sufficient to abate the action, the question should be raised by demurrer on that ground. Watson's Revision of Works Practice, § 561, p. 415; *Combs* v. *The Union Trust Company, Trustee of the New Albany Rail Mill Company* (1896), 146 Ind. 688, 46 N. E. 16; *The State* v. *Roberts* (1906), 166 Ind. 585, 77 N. E. 1093; *State of Indiana* v. *Tam* (1912), 178 Ind. 313, 99 N. E. 424; *Minnich* v. *Packard* (1908), 42 Ind. App. 371, 85 N. E. 787. It is a well established principle of our law that a motion to strike out will not perform the office of a demurrer for want of sufficient facts, **and**

where an answer or plea in abatement, as in the instant case, contains allegations that are pertinent and relevant to the issues, it is error to strike it from the files even though it might be insufficient as against a demurrer, because the pleader is thereby deprived of an opportunity to amend. *Wilson* v. *Tevis et al.* (1916), 184 Ind. 712, 111 N. E. 181. Failure to give notice to quit, as required by § 3-1616, Burns' 1933, § 10173, Baldwin's 1934, makes landlord's suit subject to plea in abatement as a premature action. *The Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company* v. *Schmuck* (1914), 181 Ind. 323, 103 N. E. 325.

The Superior Court of Allen County erred in sustaining appellee's motion to strike the plea in abatement from the files. Therefore, its judgment is reversed with instructions to overrule said motion.

NOTE.—Reported in 52 N. E. (2d) 359.